**FILED**
**NOVEMBER 7, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENERAL JOHN T. CHAIN, JR. ) <br> (USAF, Retired), ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> LAKE FOREST PARTNERS, LLC, ) <br>  a Nevada Corporation; CHRISTOPHER ) <br> T. FRENCH, ALBERT J. MONTANO ) <br> and MARK D. WEISSMAN, M.D., ) <br>   ) <br> Defendants. ) | Case No. <br><br> **07 C 6317** <br><br> **JURY TRIAL DEMANDED** <br> **JUDGE GUZMAN** <br> **MAGISTRATE JUDGE MASON** |

## COMPLAINT

General John T. Chain, Jr. ("General Chain"), by his attorneys, for his Complaint against Lake Forest Partners, LLC ("Lake Forest"), Christopher T. French ("French"), Albert J. Montano ("Montano"), and Mark D. Weissman, M.D, ("Weissman") (Lake Forest, Montano, French and Weissman are collectively referred to herein as "Defendants"), alleges as follows:

### SUMMARY OF THE CASE

1.  In or about 2005, Royal Island, LLC entered into a Purchase and Sale Agreement, pursuant to which it would purchase a collection of three uninhabited islands located in the Commonwealth of the Bahamas known as "Royal Island" (the three islands are referred to herein collectively as the "Island"). Royal Island, LLC intended to develop the Island as an upscale luxury community. Defendant Lake Forest is a member of Royal Island, LLC. Defendants Montano, French and Weissman are members of Lake Forest.

2. In 2005, Defendants solicited General Chain to invest in the development of the Island. Specifically, Defendants asked General Chain to loan $3.5 million to Lake Forest to fund Lake Forest's marketing and development of the Royal Island project.

3. Pursuant to the terms of two Loan Agreements, Lake Forest agreed to repay the loan amounts, plus interest, within a specified time period. In the event of default, an additional 3% rate of interest would be due on the outstanding amount. The loans were jointly and severally guaranteed by Lake Forest's principals – *i.e.*, Defendants French, Montano and Weissman.

4. As an additional incentive, Defendants promised General Chain that he would receive two home building sites on the Island, each worth between $2 million and $3 million.

5. On or about August 18, 2006, Defendant Lake Forest notified General Chain that it was unable to make repayment on the loans and that it was no longer able to provide him with the building sites listed as additional interest returns. It is unknown what Defendants did with the $3.5 million that General Chain loaned to Lake Forest, but none of it was repaid to General Chain.

6. In addition to defaulting on the notes, Defendants did not have authority to promise the two lots on the Island to General Chain and those promises were made solely to induce General Chain to loan $3.5 million to Lake Forest.

7. Through this action, General Chain seeks to recover damages against Defendants for the amounts owed to General Chain as a result of Defendants' breach of the loan agreements. In addition, General Chain seeks to recover the damages caused by Defendants' fraudulent misrepresentations.

## PARTIES

8. Plaintiff General John T. Chain, Jr. resides in Fort Worth, Texas and is a citizen of Texas. General Chain is 73 years old and is a retired United States Air Force General whose illustrious military career spanned 34 years and included servicing as the Commander-In-Chief of the United States Strategic Air Command.

9. Defendant Lake Forest Partners, LLC is a Nevada corporation, with its principal place of business in Lake Forest, Illinois. For diversity purposes, Lake Forest is a citizen of Nevada and Illinois. Lake Forest has a majority ownership interest in Royal Island LLC, a Florida corporation.

10. Defendant French resides in Fontana, Wisconsin and is a citizen of Wisconsin. At all times material to this lawsuit, French was a Principal of Lake Forest and a member of Royal Island, LLC.

11. Defendant Montano resides within the Northern District of Illinois and is a citizen of Illinois. At all times material to this lawsuit, Montano was a Principal of Lake Forest.

12. Defendant Weissman resides within the Northern District of Illinois and is a citizen of Illinois. Weissman is a licensed physician. At all times material to this lawsuit, Weissman was a Principal of Lake Forest.

## JURISDICTION AND VENUE

13. This is a civil action in which the United States District Court has original jurisdiction under the provisions of 28 U.S.C. §1332(a) because Plaintiff and the Defendants are citizens of different states and because the amount in controversy exceeds $75,000.

14. Venue is proper pursuant to 28 U.S.C. § 1391(a) because Defendants reside in this judicial district and a substantial portion of the events or omissions giving rise to General Chain's claims occurred in this judicial district.

## FACTUAL BACKGROUND

15. Royal Island, LLC owned an option to purchase the Island.

16. Development of the Island was marketed as an exclusive high-end five-star residential, golf, marina, and resort hotel development project, with a target market of international high profile and high net worth individuals. The planned development of the Island included over 200 single family residential lots and homes; an 18-hole Greg Norman private signature championship golf course and clubhouse; a 200-slip deep water marina capable of docking yachts up to 300 feet in length; and a 50-room villa style five-star hotel and casino.

17. Lake Forest, through its principals, solicited investors relating to the development of the Island.

18. In or about August 2005, Lake Forest solicited General Chain for an investment in the development of the Island. As part of the solicitation, Defendants provided General Chain with marketing materials prepared for him describing the development of the Island.

19. Defendants asked General Chain to make an initial loan of $3 million to Lake Forest. To induce General Chain to make such a large investment, Defendants promised General Chain that in addition to a guaranteed high rate of return on his principal, Defendants would provide General Chain a parcel of property on the Island valued between $2 million and $3 million.

20. On or about August 11, 2005, General Chain agreed to loan Lake Forest $3 million pursuant to the terms a Loan Agreement ("Loan Agreement 1"). A true and correct copy of Loan Agreement 1 is attached hereto as Exhibit 1. Pursuant to Loan Agreement 1, Lake Forest agreed to repay the $3 million loan amount, plus interest of twenty percent per annum (20%), on or before August 14, 2006. In the event of default, Lake Forest agreed to pay an additional 3% rate of interest on the outstanding amount. Loan Agreement 1 also provided that General Chain would receive a home building site on the Island worth between $2 million and $3 million. Defendants French, Montano and Weissman guaranteed Lake Forest's obligations under Loan Agreement 1.

21. Between August 10 and October 25, 2005, Defendants asked General Chain to loan additional sums to Lake Forest to fund the acquisition of the Island. Like the first loan, in addition to interest on the principal amount of the loan, Defendants agreed to provide General Chain another parcel of land on the Island.

22. On or about October 26, 2005, General Chain loaned Lake Forest an additional $500,000 pursuant to the terms of a Loan Agreement ("Loan Agreement 2"). A true and correct copy of Loan Agreement 2 is attached hereto as Exhibit 2. Under the terms of Loan Agreement 2, Lake Forest agreed to repay the $500,000 loan amount, plus interest of ten percent per annum (10%), on or before January 26, 2006. In the event of default, Lake Forest agreed to pay an additional 3% rate of interest on the outstanding amount. Loan Agreement 2 also provided that General Chain would receive a home building site on the Island worth between $2 million and $3 million. Defendants French, Montano and Weissman guaranteed Lake Forest's obligations under Loan Agreement 2.

23. On January 26, 2006, Lake Forest defaulted on its obligations to repay General Chain $500,000, plus interest, as set forth in Loan Agreement 2.

24. On August 14, 2006, Lake Forest defaulted on its obligations to repay General Chain $3 million, plus interest, as set forth in Loan Agreement 1.

25. On or about August 18, 2006, French notified General Chain in writing that Lake Forest was no longer a direct participant in the ownership, management or development of the Royal Island project. According to Defendant French, as a result of this change in circumstances, Lake Forest was experiencing significant hardship and was exploring other financial sources and opportunities to assist it in meeting its financial obligations to Lake Forest's creditors, including General Chain. In addition, Defendant French notified General Chain that Lake Forest was no longer able to commit to its promise to provide General Chain with two building lot sites on the Island.

26. On or about April 24, 2007, Defendant French notified General Chain by letter that Lake Forest continued to experience financial set-backs that were preventing Lake Forest and its principals from satisfying its financial obligations to General Chain. Defendant French requested General Chain's patience as Lake Forest implemented changes that would improve Lake Forest's financial outlook. French informed General Chain that another person would be contacting him within two weeks to discuss the status of the Loan Agreements and to implement a repayment plan.

27. Thereafter, nobody contacted General Chain to implement a payment plan. General Chain has demanded that Defendants perform their obligations under Loan Agreement 1 and Loan Agreement 2 and the individual guarantees of the Loan Agreements.

28.     Despite demands by General Chain, Defendants Lake Forest, French, Montano and Weissman have failed to pay him any amounts due and owing on Loan Agreement 1 and Loan Agreement 2.

## COUNT I – BREACH OF CONTRACT

29.     General Chain realleges and incorporates Paragraphs 1 through 28, inclusive, as if fully set forth herein.

30.     Loan Agreement 1 is a valid and enforceable agreement.

31.     General Chain performed all of his obligations under Loan Agreement 1.

32.     Defendants Lake Forest, Weissman, Montano, and French Opus breached their agreement by failing to repay General Chain the $3 million, plus interest, due on Loan Agreement 1.

33.     Defendants further breached Loan Agreement 1 by advising that they could not provide General Chain with a lot on the Island worth between $2 million and $3 million.

34.     General Chain has been damaged by Defendants' breach of Loan Agreement 1.

Wherefore, Plaintiff General Chain respectfully requests the Court: (i) enter judgment in his favor and against Defendants Lake Forest, Weissman, Montano and French on Count I in an amount to be determined at trial, but which is expected to exceed $6 million, plus pre-judgment interest; (ii) award General Chain his attorneys' fees and costs of collection; and (iii) grant General Chain such other relief that it deems is just and proper.

## COUNT II – BREACH OF CONTRACT

35. General Chain realleges and incorporates Paragraphs 1 through 28, inclusive, as if fully set forth herein.

36. Loan Agreement 2 is a valid and enforceable agreement.

37. General Chain performed all of his obligations under Loan Agreement 2.

38. Defendants Lake Forest, Weissman, Montano, and French Opus breached their agreement by failing to repay General Chain the $500,000, plus interest, due on Loan Agreement 2. As a result, General Chain has suffered damages of at least $3.5 million.

39. Defendants further breach Loan Agreement 2 by advising that they could not provide General Chain with a lot on the Island worth between $2 million and $3 million.

40. General Chain has been damaged by Defendants' breach of Loan Agreement 2.

Wherefore, Plaintiff General Chain respectfully requests the Court: (i) enter judgment in his favor and against Defendants Lake Forest, Weissman, Montano and French on Count II in an amount to be determined at trial, but which is expected to exceed $2.5 million, plus pre-judgment interest; (ii) award General Chain his attorneys' fees and costs of collection; and (iii) grant General Chain such other relief that it deems is just and proper.

**COUNT III – COMMON LAW FRAUD**

41. General Chain realleges and incorporates Paragraphs 1 through 40, inclusive, as if fully set forth herein.

42. To induce General Chain to loan $3 million to Lake Forest, Defendants represented that in addition to interest on the $3 million, Lake Forest would provide General Chain a home building site on the Island that had a value of between $2 million and $3 million after the Island was purchased.

43. Similarly, to induce General Chain to loan them an additional $500,000, Defendants represented to General Chain that in addition to interest on the $500,000, Lake Forest would provide General Chain a home building site on the Island that had a value between $2 million and $3 million once the Island was acquired.

44. General Chain relied on Defendants' promises to provide him with two multi-million dollar lots on the Island, and lent Lake Forest $3.5 million.

45. General Chains' reliance was reasonable.

46. The representations made by Defendants were false because at the time Loan Agreement 1 and Loan Agreement 2 were presented to General Chain, Lake Forest did not have the authority to promise to give General Chain lots on the Island.

47. Defendants knew that the representations concerning the two lots were false at the time they were made and made those representations for the purpose of inducing General Chain to loan Lake Forest a total of $3.5 million.

48. As a proximate cause of his reliance upon the misrepresentations of Defendants, General Chain has been damaged because he would not have loaned $3.5 million to lake Forest if Defendants had not promised to provide him with the lots on the Island.

WHEREFORE, Plaintiff, General Chain, respectfully requests the Court: (i) enter judgment in his favor on Count III and against Defendants Lake Forest, French, Montano

and Weissman in an amount to be determined at trial, but which is expected to exceed $9.5 million; (ii) award General Chain punitive damages against all Defendants; and (iii) grant General Chain such other and further relief as is just and proper.

## JURY DEMAND

49. Plaintiff demands a trial by jury of all facts, issues and claims presented by this Complaint that are so triable.

Dated: November 7, 2007                                Respectfully submitted,

                                                       GENERAL JOHN T. CHAIN, JR.


                                                       By: __/s/ Jonathan M. Cyrluk___
                                                               One of His Attorneys

Jonathan M. Cyrluk
Mariah E. Moran
STETLER & DUFFY, LTD.
11 South LaSalle Street
Suite 1200
Chicago, Illinois  60603
Phone: 312-338-0200
Fax:   312-338-0070