THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GENERAL JOHN T. CHAIN, JR. ) | | |
| (USAF, Retired), ) | | |
| ) | | |
| Plaintiff, ) | | Case No.  07 C 6317 |
| ) | | |
| v. ) | | Honorable Ronald A. Guzman |
| ) | | |
| LAKE FOREST PARTNERS, LLC, ) | | |
|  a Nevada Corporation; CHRISTOPHER ) | | |
| T. FRENCH, ALBERT J. MONTANO ) | | |
| and MARK D. WEISSMAN, M.D., ) | | |
| ) | | |
| Defendants. ) | | |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

General John T. Chain, Jr. ("General Chain"), by his attorneys, and pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, respectfully requests the Court to enter summary judgment against Defendants Lake Forest Partners, LLC ("Lake Forest") and Christopher T. French ("French") on Counts 1 and 2 of the Complaint.  In support of this motion, General Chain respectfully states as follows:

**INTRODUCTION**

1.  Pursuant to two (2) loan agreements, General Chain loaned $3.5 million to Defendant Lake Forest.  Each of the loans was guaranteed by Defendant French. Although all amounts due under the loans were to have been re-paid by August 14, 2006, Defendants Lake Forest and French have paid nothing to General Chain.

2.  Instead, Defendants Lake Forest and French have attempted to delay General Chain's efforts to collect all amounts due and owing.  Indeed, even though Lake Forest  and French were served with the summons and complaint on November 16 and 20,

2007, respectively (Docket Nos. 9 and 11), they claim they need 68 days (*i.e.*, until January 28, 2007) to answer this simple complaint. (*See* Docket No. 13.)  In truth, Lake Forest and French seek to delay this case while they deal with a myriad of other claims of creditors.[1]

     3.     Because there are no facts in dispute concerning General Chain's breach of contract claims (*i.e.*, General Chain loaned $3.5 million to Lake Forest, French guaranteed the loans, and the loans have not been repaid) the Court should enter summary judgment in favor of General Chain and against Lake Forest and French.

### FACTUAL BACKGROUND

     4.     General Chain is 73 years old and is a retired United States Air Force General whose military career spanned 34 years and included servicing as the Commander-In-Chief of the United States Strategic Air Command.  (¶ 1.)[2]

     5.     In or about August 2005, General Chain was solicited by Defendant Lake Forest to invest in the development of a collection of three uninhabited islands located in the Commonwealth of the Bahamas known as "Royal Island"  (the three islands are referred to herein collectively as the "Island").  (¶ 6.)

---

[1] Lake Forest and French are defendants in multiple lawsuits in Illinois.  *See*, *e.g., Tobias v. Christopher French, Lake Forest Partners, LLC, et al.,* Case No. 06 CH 18664 (Cir. Ct. Cook Cty.); *Moss v. Christopher French, Lake Forest Partners, LLC, et al.,* Case No. 06 L 13160 (Cir. Ct. Cook Cty.); *Craig v. Montano, et al.*, Case No. 07 L 8015 (Cir. Ct. Cook Cty.).  Furthermore, Judge Andersen is overseeing collection activities in connection with a judgment obtained against Lake Forest in Florida*.  See Greystone Business Credit II, LLC v. Lake Forest Partners Yacht, LTD., Lake Forest Partners, LLC, et al.*, Case No. 07 C 5040 (N.D. Ill.)

[2] Citations to Plaintiff's Statement of Undisputed Facts submitted contemporaneously pursuant to Local Rule 56.1 are cited herein as "¶ __."

      6.      Lake Forest asked General Chain to make an initial loan of $3 million to Lake Forest.  (¶ 7.)

      7.      On or about August 11, 2005, General Chain agreed to loan $3 million to Lake Forest pursuant to the terms a Loan Agreement ("Loan Agreement 1").  Pursuant to Loan Agreement 1, Lake Forest agreed to repay the $3 million loan amount, plus interest of twenty percent (20%) per annum, on or before August 14, 2006.  In the event of default, Lake Forest agreed to pay an additional 3% rate of interest on the outstanding amount of the loan.  Loan Agreement 1 also provided that General Chain would receive a home building site on the Island worth between $2 million and $3 million.  (¶ 8.)

      8.      Defendant French guaranteed Lake Forest's obligations under Loan Agreement 1.  (¶ 9.)

      9.      Between August 10 and October 25, 2005, Lake Forest asked General Chain to loan additional sums to Lake Forest.  Like the first loan, in addition to interest on the principal amount of the loan, Lake Forest agreed to provide General Chain another parcel of land on the Island.  (¶10.)

      10.     On or about October 26, 2005, General Chain loaned an additional $500,000 to Lake Forest pursuant to the terms of a Loan Agreement ("Loan Agreement 2"). Under the terms of Loan Agreement 2, Lake Forest agreed to repay the $500,000 loan amount, plus interest of ten percent (10%) for a 90-day period, on or before January 26, 2006.  In the event of default, Lake Forest agreed to pay an additional 3% rate of interest on the outstanding amount of the loan.  Loan Agreement 2 also provided that General Chain would receive a home building site on the Island worth between $2 million and $3 million.  (¶ 11.)

3

11.     Defendant French guaranteed Lake Forest's obligations under Loan Agreement 2.  (¶ 12.)

12.     On January 26, 2006, Lake Forest defaulted on its obligations to repay General Chain $500,000, plus interest, as set forth in Loan Agreement 2.  (¶ 13.)

13.     On August 14, 2006, Lake Forest defaulted on its obligations to repay General Chain $3 million, plus interest, as set forth in Loan Agreement 1.  (¶ 14.)

14.     General Chain demanded that Defendants Lake Forest and French perform their obligations under the Loan Agreements 1 and 2.  (¶ 15.)

15.     Defendants Lake Forest and French have not paid any amounts due and owing pursuant to Loan Agreements 1 and 2.  (¶16.)

16.     As of December 20, 2007, Defendants Lake Forest and French owe $4,722,904.11 of principal and interest on Loan Agreement 1.  In addition, Lake Forest and French will owe an additional $2,268.49 per day in interest on the amounts due under Loan Agreement 1.  (¶ 17. )

17.     As of December 20, 2007, Defendants Lake Forest and French owe $686,143.84 of principal and interest on Loan Agreement 2 to General Chain.  In addition, Lake Forest and French will owe an additional $195.89 per day in interest on the amounts due under Loan Agreement 2.  (¶ 18.)

18.     On November 17, 2007, General Chain filed a three-count complaint against Defendants Lake Forest and French.  In addition, General Chain named the other

guarantors of Loan Agreements 1 and 2, Mark Weissman and Albert Montano, as Defendants.[3]  (Docket No. 1.)

19.     Count 1 seeks recovery against Lake Forest and French for breach of Lake Forest's obligations under Loan Agreement 1 and French's guarantee of those obligations. Likewise, Count 2 seeks recovery against Lake Forest and French for breach of Lake Forest's obligations under Loan Agreement 2 and French's guarantee of those obligations.[4]

## ARGUMENT

20.     Fed. R. Civ. P. 56(a) provides:

> A party seeking to recover upon a claim . . . may, at any time after the expiration of 20 days from the commencement of the action . . . Move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

21.     The Court should grant summary judgment when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The nonmoving party cannot rest on the pleadings alone, but must identify specific facts . . . that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact." Sparing v. Village of Olympia Fields, 77 F. Supp.2d 891, 895 (N.D. Ill. 1999) (citations omitted); see also Alexander v. Biomerieux, Inc., 485 F. Supp.2d 924, 930 (N.D. Ill. April 30, 2007).  Furthermore, "[t]o withstand

---

[3] Defendants Weissman and Montano have not appeared and are in default. General Chain will file a motion for default judgment against Weissman and Montano.

[4] In Count III, General Chain alleges that Defendants fraudulently induced General Chain to loan $3.5 million to Lake Forest.

summary judgment, the nonmovant must demonstrate that the record as a whole permits a rational fact finder to rule in his favor." Essex v. United Parcel Service, Inc., 111 F.3d 1304, 1308 (7th Cir. 1997). In the case at bar, there is no genuine issue as to any material fact that would preclude this Court from granting summary judgment on Counts I and II of the Complaint.[5]

22.     In Counts I and II, General Chain alleges that Defendants Lake Forest and French breached their obligations with respect to Loan Agreement 1 and Loan Agreement 2, respectively.

23.     To prove a claim for breach of contract, General Chain must prove: (1) the existence of Loan Agreements 1 and 2 between himself and Defendants; (2) that General Chain performed under the Loan Agreements; (3) Defendants breach of the Loan Agreements; and (4) damages from Defendants' breach of the Loan Agreements. Lifeway Foods, Inc. v. Ludwig Dairy Products, Inc., No. 06 C 2409, 2007 WL 1225372, *2 (N.D. Ill. April 23, 2007). Here, General Chain has proven each of the foregoing elements.

## DAMAGES

24.     With respect to Loan Agreement 1, there is no dispute that General Chain agreed to loan $3 million to Lake Forest on or about August 11, 2005, that Lake Forest agreed to repay all amounts due by August 14, 2006, and that French guaranteed Lake Forest's obligations under Loan Agreement 1. There is no dispute that General Chain loaned $3 million to Lake Forest on or about August 11, 2005 and that neither Lake Forest

---

[5]General Chain recognizes that he is not yet entitled to summary judgment on Count III.

nor French have repaid any amounts to General Chain and have breached the terms of Loan Agreement 1.  (¶ 19.)

25.     Pursuant to Paragraph 7 of Loan Agreement 1, Lake Forest was to provide General Chain with a lot on the Island with a value of between $2 million and $3 million. Lake Forest and French have not provided General Chain with any lot on the Island. between $2 million and $3 million.

26.     Similarly, with respect to Loan Agreement 2, there is no dispute that General Chain agreed to loan $500,000 to Lake Forest on or about October 26, 2005, that Lake Forest agreed to repay all amounts due by January 26, 2006, and that French guaranteed Lake Forest's obligations under Loan Agreement 2.  There is no dispute that General Chain loaned $500,000 to Lake Forest on or about October 26, 2005 and that neither Lake Forest nor French have repaid any amounts to General Chain and have breached the terms of Loan Agreement 2.

27.     Pursuant to Paragraph 7 of Loan Agreement 2, Lake Forest was to provide General Chain with a lot on the Island with a value of between $2 million and $3 million. Lake Forest and French have not provided General Chain with any lot on the Island. between $2 million and $3 million.  (¶ 19.)

Wherefore, Plaintiff General John T. Chain, Jr. (USAF, Retired) respectfully requests the Court to: (1) enter judgment in his favor, and against Defendants Lake Forest Partners, LLC and Christopher T. French on a joint and several basis on Count 1 of the complaint in the amount of $4,722,904.11, plus per diem interest of $2,268.49 until the

date of the entry of judgment, plus an additional $2.5 million[6] for the value of the lot on the Island that Lake Forest promised to General Chain; (2) enter judgment in his favor, and against Defendants Lake Forest Partners, LLC and Christopher T. French on a joint and several basis on Count 2 of the complaint in the amount of $686,143.84, plus per diem interest of $195.89 until the date of the entry of judgment, plus an additional $2.5 million for the value of the lot on the Island that Lake Forest promised to General Chain; and (3) such other and further relief the Court deems just and proper.

Dated: December 20, 2007                    Respectfully submitted,

                                            GENERAL JOHN T. CHAIN, JR.


                                            By:    /s/ Jonathan M. Cyrluk
                                                   One of His Attorneys

Jonathan M. Cyrluk
Mariah E. Moran
STETLER & DUFFY, LTD.
11 South LaSalle Street
Suite 1200
Chicago, Illinois 60603
Phone: 312-338-0200
Fax:   312-338-0070

---

[6] Pursuant to Loan Agreements 1 and 2, Lake Forest was to provide General Chain two lots on the Island, each valued between $2 million and $3 million. For purposes of this motion, General Chain seeks damages in the middle of the range.