# EXHIBIT 1

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GENERAL JOHN T. CHAIN, JR.    )
(USAF, Retired),    )
   )
           Plaintiff,    )    Case No. 07 C 6317
   )
v.    )
   )
LAKE FOREST PARTNERS, LLC,    )
 a Nevada Corporation; CHRISTOPHER    )
T. FRENCH, ALBERT J. MONTANO    )
and MARK D. WEISSMAN, M.D.,    )
   )
           Defendants.    )

## DECLARATION OF GENERAL JOHN T. CHAIN, JR.

I, General John T. Chain, Jr., being competent to testify to the matters set forth below, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1.     I reside in Fort Worth, Texas and am a citizen of Texas. I am 73 years old, am competent to testify, and have personal knowledge regarding the matters set forth herein. I am a retired United States Air Force General. During my 34-year military career, I served in the United States Air Force in various capacities, rising to the rank of a Four Star General. I served as the Commander-In-Chief of the United States Strategic Air Command.

2.     I make this declaration in support of my motion for summary judgment against Defendants Lake Forest Partners, LLC ("Lake Forest") and Christopher French ("French").

3.     In or about August 2005, I was solicited by Lake Forest to invest money for the development of a collection of three uninhabited islands located in the

Commonwealth of the Bahamas known as "Royal Island" (the three islands are referred to herein collectively as the "Island").

4.      Lake Forest asked me to make an initial loan of $3 million to Lake Forest.

5.      On or about August 11, 2005, I agreed to loan $3 million to Lake Forest pursuant to the terms of a Loan Agreement ("Loan Agreement 1"). A true and correct copy of Loan Agreement 1 is attached hereto as Exhibit A. Pursuant to Loan Agreement 1, Lake Forest agreed to repay me the $3 million loan amount, plus interest of twenty percent per annum (20%), on or before August 14, 2006. *See* Exhibit A, ¶ 2. In the event of default, Lake Forest agreed to pay me an additional 3% rate of interest on the outstanding amount. *See* Exhibit A, ¶ 6. Loan Agreement 1 also provided that I would receive a home building site on the Island worth between $2 million and $3 million. *See* Exhibit A, ¶ 7.

6.      Defendant French guaranteed Lake Forest's obligations under Loan Agreement 1. (Ex. A, ¶ 3.)

7.      Between August 10 and October 25, 2005, Lake Forest asked me to loan additional sums to Lake Forest. Like the first loan, in addition to interest on the principal amount of the loan, Lake Forest agreed to provide me with another parcel of land on the Island.

8.      On or about October 26, 2005, I loaned an additional $500,000 to Lake Forest pursuant to the terms of a Loan Agreement ("Loan Agreement 2"). A true and correct copy of Loan Agreement 2 is attached hereto as Exhibit B. Under the terms of Loan Agreement 2, Lake Forest agreed to repay the $500,000 loan amount, plus interest of ten percent (10%) for a 90 day period, on or before January 26, 2006. (Ex. B, ¶ 2.) In the

2

event of default, Lake Forest agreed to pay an additional 3% rate of interest on the outstanding amount. (Ex. B, ¶6.) Loan Agreement 2 also provided that General Chain would receive a home building site on the Island worth between $2 million and $3 million. (Ex. B, ¶ 7.)

9.      Defendant French guaranteed Lake Forest's obligations under Loan Agreement 2. (Ex. B, ¶ 3.)

10.     On January 26, 2006, Lake Forest defaulted on its obligations to repay me $500,000, plus interest, as set forth in Loan Agreement 2.

11.     On August 14, 2006, Lake Forest defaulted on its obligations to repay me $3 million, plus interest, as set forth in Loan Agreement 1.

12.     Since January 26, 2006 and August 14, 2006, I have demanded that Defendants Lake Forest and French perform their obligations under the Loan Agreements 1 and 2.

13.     Defendants Lake Forest and French have not paid any amounts due and owing pursuant to Loan Agreements 1 and 2.

14.     Lake Forest and French have not provided me with any lot on the Island even though they agreed to provide me with two lots with a value of between $2 and $3 million as required by Paragraph 7 of Loan Agreements 1 and 2.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December **, 2007
Edwards, Colorado

General John T. Chain, Jr. (USAF, Retired)

3

A

# LOAN AGREEMENT

This Loan Agreement is made and executed this 11th day of August, 2005 by and among  John T. Chain, Jr. residing at 142 Spring Creek  Lane, Edwards, Colorado 81652, hereinafter "Lender", Mark D. Weissman, individually, hereinafter referred to as "Weissman", Albert J. Montano, individually, hereinafter referred to as "Montano", Christopher T. French, individually, hereinafter referred to as "French",  and collectively as Lake Forest Partners, LLC, Hereinafter referred to as "LFP".

RECITALS:

WHEREAS Lender is willing to loan LFP Three Million and no/100 Dollars ($3,000,000.00) and Lake Forest Partners, LLC is desirous of borrowing Three Million and no/100 Dollars ($3,000,000.00) from Lender.

WHEREAS LFP agrees to repay Lender said Three Million and no/100 Dollars ($3,000,000.00) pursuant to the terms and conditions set forth below.

WHEREAS as an inducement for Lender to loan LFP Three Million and no/100 Dollars ($3,000,000.00) so LFP can use such monies to fund the partnership activities to include aspects of Royal Island marketing and development; Weissman, Montano and French hereby guarantee the payment of such amount in full, including principal and interest as set forth below.

NOW THEREFORE, THE PARTIES AGREE AS FOLLOWS:

1.    The recitals set forth above are hereby incorporated by reference and made a part hereof as if fully rewritten herein.

2.    Lender will, upon execution of this Agreement, loan LFP $3,000,000.00 (the "Loan"). LFP agrees to repay the Loan plus Interest set at 20% for the term of the Loan (the "Interest") pursuant to the terms set forth herein.

3.    The parties hereto acknowledge and agree that the Loan is unsecured. However, Weissman, Montano and French hereby personally, irrevocably, absolutely, unconditionally, jointly and severally guarantee the timely repayment of the Loan plus the Interest due on the Loan and any collection costs incurred by Lender in collecting any such amounts.

4.    This Loan Agreement is a legal agreement, intended to be binding upon each of the parties hereto.

5.    The term of the Loan shall be for 1 year from the date hereof, due and payable in full plus Interest on or before August 14, 2006.

6.    In the event of default, interest shall be payable on the outstanding amount of the Loan at the Interest rate plus three percent (3%).

7.    Once the acquisition of Royal Island is achieved, then the Lender will Receive a home building site (worth a list price of $2 to $3 Million) as Additional interest return. The site shall be a "standard" site as defined in the Purchase and Sale Agreement.

8.  LFP promises to pay all costs of collection in case payment shall not be made at maturity; and further promises, in case suit is instituted to collect the Loan or the Interest, or any portion thereof, to pay such reasonable attorney's fees in such suit.

9.  This Loan Agreement shall be interpreted in accordance with Illinois law without regard to the provisions of the conflicts of law.

10. Weissman's address for purposes of any notifications shall be 3238 North Lakewood, Chicago, IL 60659, Telephone 773-348-0639. Montano's address for notifications shall be 249 Market Square, Lake Forest, IL 60045. Office telephone 847-234-3434. French's address for notification shall be c/o Tec Development International, 27 North Wacker Drive, Suite 410, Chicago, IL 60606. Telephone 773-320-9530. LFP is the same as Montano's.

11. Wiring instructions: Lake Forest Partners LLC , Harris Bank, 824 North Western Ave., Lake Forest, IL 60045. ABA # 071025661  Account # 2910373329.

12. This Loan Agreement constitutes the entire agreement among the parties hereto pertaining to the subject matter contained herein and may not be altered or amended or nor may any provision hereof be waived except by an agreement in writing executed by each of the parties hereto.

In witness whereof, the undersigned have executed this Agreement as of the date set forth above.


By _____     By _____
   John T. Chain, Jr.                 Albert J. Montano



By _____     By _____
   Mark D. Weissman                  Christopher T. French


By _____
   Lake Forest Partners, LLC, Managing Member

File: Chain Loan agreement final clean1

B

# LOAN AGREEMENT

This Loan Agreement is made and executed this 26th day of Oct, 2005 by and among  John T. Chain, Jr. residing at 142 Spring Creek  Lane, Edwards, Colorado 81652, hereinafter "Lender", Mark D. Weissman, individually, hereinafter referred to as "Weissman", Albert J. Montano, individually, hereinafter referred to as "Montano", Christopher T. French, individually, hereinafter referred to as "French",  and collectively as Lake Forest Partners, LLC, Hereinafter referred to as "LFP".

RECITALS:

WHEREAS Lender is willing to loan LFP Five Hundred Thousand and no/100  Dollars ($500,000.00) and Lake Forest Partners, LLC is desirous of borrowing Five Hundred Thousand and no/100 Dollars ($500,000.00) from Lender.

WHEREAS LFP agrees to repay Lender said Five Hundred Thousand and  no/100 Dollars ($500,000.00) pursuant to the terms and conditions set forth  below.

WHEREAS as an inducement for Lender to loan LFP Five Hundred Thousand and no/100 Dollars ($500,000.00) so LFP can use such monies to fund the partnership activities to include aspects of Royal Island marketing and development; Weissman, Montano and French hereby guarantee the payment of such amount in full, including principal and interest as set forth below.

NOW THEREFORE, THE PARTIES AGREE AS FOLLOWS:

1.  The recitals set forth above are hereby incorporated by reference and made a part hereof as if fully rewritten herein.

2.  Lender will, upon execution of this Agreement, loan LFP $500,000.00 (the "Loan").  LFP agrees to repay the Loan plus Interest set at 10% for the term of the Loan (the "Interest") pursuant to the terms set forth herein.

3.  The parties hereto acknowledge and agree that the Loan is unsecured. However, Weissman, Montano and French hereby personally, irrevocably, absolutely, unconditionally, jointly and severally guarantee the timely repayment of the Loan plus the Interest due on the Loan and any collection costs incurred by Lender in collecting any such amounts.

4.  This Loan Agreement is a legal agreement, intended to be binding upon each of the parties hereto.

5.  The term of the Loan shall be for 90 days from the date hereof, due and payable in full plus Interest on or before Jan. 26, 2006.

6.  In the event of default, interest shall be payable on the outstanding amount of the Loan at the Interest rate plus three percent (3%).

7.  Once the acquisition of Royal Island is achieved, then the Lender will Receive a home building site (worth a list price of $2 to $3 Million) as Additional interest return.  The site shall be a "standard" site as

defined in the Purchase and Sale Agreement.

8.    LFP promises to pay all costs of collection in case payment

shall not be made at maturity; and further promises, in case suit is

instituted to collect the Loan or the Interest, or any portion thereof,

to pay such reasonable attorney's fees in such suit.

9.    This Loan Agreement shall be interpreted in accordance with Illinois

law without regard to the provisions of the conflicts of law.

10.    Weissman's address for purposes of any notifications shall be 3238

North Lakewood, Chicago, IL 60659, Telephone 773-348-0639.

Montano's address for notifications shall be 249 Market Square,

Lake Forest, IL 60045. Office telephone 847-234-3434. French's

address for notification shall be c/o Tec Development International,

27 North Wacker Drive, Suite 410, Chicago, IL 60606. Telephone

773-320-9530. LFP is the same as Montano's.

11.    Wiring instructions: Lake Forest Partners LLC , Harris Bank,

824 North Western Ave., Lake Forest, IL 60045. ABA #

071025661  Account # 2910373329.

12.    This Loan Agreement constitutes the entire agreement among the

parties hereto pertaining to the subject matter contained herein

and may not be altered or amended or nor may any provision

hereof be waived except by an agreement in writing executed by

each of the parties hereto.

In witness whereof, the undersigned have executed this Agreement as of the date set forth above.


By _____          By _____
    Lender                                     Albert J. Montano


By _____          By _____
    Mark D. Weissman                           Christopher T. French


By _____
    Lake Forest Partners, LLC, Managing Member

**EXHIBIT 2**

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

GENERAL JOHN T. CHAIN, JR.     )
(USAF, Retired),     )
     )
     Plaintiff,     )     Case No.  07 C 6317
     )
v.     )
     )
LAKE FOREST PARTNERS, LLC,     )
 a Nevada Corporation; CHRISTOPHER     )
T. FRENCH, ALBERT J. MONTANO     )
and MARK D. WEISSMAN, M.D.,     )
     )
     Defendants.     )

## DECLARATION OF KEVIN BRAUN

I, Kevin Braun, being competent to testify to the matters set forth below, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1.    I reside in the Northern District of Illinois, am over the age of 18, and have personal knowledge regarding the matters set forth herein.

2.    I am a paralegal at Stetler & Duffy, Ltd. I have been asked to prepare interest calculations for amounts due pursuant to the Loan Agreement 1 and Loan Agreement 2, as those terms are defined in the Declaration of General John T. Chain, Jr. To prepare this declaration, I have reviewed Loan Agreement 1 and 2.

3.    As of December 20, 2007, the total amount of principal and interest due and owing to General Chain on Loan Agreement 1 is $4,722,904.11. In addition, until repaid, the obligors under Loan Agreement 1 will owe an additional $2,268.49 per day in interest on the amounts due under Loan Agreement 1. (*See* Ex. A, attached hereto.)

4.     As of December 20, 2007, the total amount of principal and interest due and owing to General Chain on Loan Agreement 2 is $686,143.84 . In addition, until repaid, the obligors under Loan Agreement 2 will owe an additional $195.89 per day in interest on the amounts due under Loan Agreement 2. (*See* Ex. B, attached hereto. )

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 20, 2007
Chicago, Illinois

Kevin J. Braun

2

A

| | Loan Amount | Interest due on loan | Amount Due 8.14.06 | Per Diem | Amount of days from 8.14.06-12.20.07 | Amount Due 12.20.07 |
|---|---|---|---|---|---|---|
| Loan 1 - 8.11.05 | $ 3,000,000.00 | $ 600,000.00 | $ 3,600,000.00 | 2268.493151 | 495 | $ 4,722,904.11 |

B

| | Loan Amount | Interest due on loan | Amount Due 1.26.06 | Per Diem | Amount of days from 1.26.06-12.20.07 | Amount Due 12.20.07 |
|---|---|---|---|---|---|---|
| Loan 2 - 10.26.05 | $ 500,000.00 | $ 50,000.00 | $ 550,000.00 | 195.890411 | 695 | $ 686,143.84 |