THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GENERAL JOHN T. CHAIN, JR.<br>(USAF, Retired), | )<br>)<br>) | |
| Plaintiff, | )<br>) | Case No.  07 C 6317 |
| v. | )<br>)<br>) | Honorable Ronald A. Guzman |
| LAKE FOREST PARTNERS, LLC,<br> a Nevada Corporation; CHRISTOPHER<br>T. FRENCH, ALBERT J. MONTANO<br>and MARK D. WEISSMAN, M.D., | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS
FOR WHICH THERE IS NO GENUINE ISSUE AND
THAT ENTITLE PLAINTIFF TO SUMMARY JUDGMENT**

General John T. Chain, Jr. ("General Chain"), by his attorneys, and pursuant to Local Rule 56.1, respectfully submits the following Statement of Material Facts for Which There Is No Genuine Issue and That Entitle General Chain to Summary Judgment on Counts 1 and 2.

**PARTIES**

1.  Plaintiff General John T. Chain, Jr. resides in Fort Worth, Texas and is a citizen of Texas.  General Chain is 73 years old and is a retired United States Air Force General whose military career spanned 34 years and included servicing as the Commander-In-Chief of the United States Strategic Air Command.  (Ex. 1, ¶ 1.)

2.  Defendant Lake Forest Partners, LLC ("Lake Forest") is a Nevada corporation, with its principal place of business in Lake Forest, Illinois.  For diversity purposes, Lake Forest is a citizen of Nevada and Illinois.

3. Defendant French resides in Fontana, Wisconsin and is a citizen of Wisconsin. At all times material to this lawsuit, French was a Principal of Lake Forest.

## JURISDICTION AND VENUE

4. This is a civil action in which the United States District Court has original jurisdiction under the provisions of 28 U.S.C. §1332(a) because Plaintiff and the Defendants are citizens of different states and because the amount in controversy exceeds $75,000.

5. Venue is proper pursuant to 28 U.S.C. § 1391(a) because Defendants Lake Forest and certain other Defendants reside in this judicial district and a substantial portion of the events or omissions giving rise to General Chain's claims occurred in this judicial district.

## FACTUAL BACKGROUND

6. In or about August 2005, Lake Forest solicited General Chain for an investment in the development of a collection of three uninhabited islands located in the Commonwealth of the Bahamas known as "Royal Island" (the three islands are referred to herein collectively as the "Island"). (Ex. 1, ¶ 3.)

7. Lake Forest asked General Chain to make an initial loan of $3 million to Lake Forest. (Ex. 1, ¶ 4.)

8. On or about August 11, 2005, General Chain agreed to loan $3 million to Lake Forest pursuant to the terms a Loan Agreement ("Loan Agreement 1"). Pursuant to Loan Agreement 1, Lake Forest agreed to repay the $3 million loan amount, plus interest of twenty percent (20%) per annum, on or before August 14, 2006. In the event of default, Lake Forest agreed to pay an additional 3% rate of interest on the

outstanding amount of the loan. Loan Agreement 1 also provided that General Chain would receive a home building site on the Island worth between $2 million and $3 million. (Ex. 1, ¶ 5.)

9. Defendant French guaranteed Lake Forest's obligations under Loan Agreement 1. (Ex. 1, ¶ 6.)

10. Between August 10 and October 25, 2005, Lake Forest asked General Chain to loan additional sums to Lake Forest. Like the first loan, in addition to interest on the principal amount of the loan, Lake Forest agreed to provide General Chain another parcel of land on the Island. (Ex. 1, ¶ 7.)

11. On or about October 26, 2005, General Chain loaned an additional $500,000 to Lake Forest pursuant to the terms of a Loan Agreement ("Loan Agreement 2"). Under the terms of Loan Agreement 2, Lake Forest agreed to repay the $500,000 loan amount, plus interest of ten percent per (10%) for a 90-day period, on or before January 26, 2006. In the event of default, Lake Forest agreed to pay an additional 3% rate of interest on the outstanding amount. Loan Agreement 2 also provided that General Chain would receive a home building site on the Island worth between $2 million and $3 million. (Ex. 1, ¶ 8.)

12. Defendant French guaranteed Lake Forest's obligations under Loan Agreement 2. (Ex. 1, ¶ 9.)

13. On January 26, 2006, Lake Forest defaulted on its obligations to repay General Chain $500,000, plus interest, as set forth in Loan Agreement 2. (Ex. 1, ¶ 10.)

14. On August 14, 2006, Lake Forest defaulted on its obligations to repay General Chain $3 million, plus interest, as set forth in Loan Agreement 1. (Ex. 1, ¶ 11.)

15. General Chain demanded that Defendants Lake Forest and French perform their obligations under the Loan Agreements 1 and 2. (Ex. 1, ¶ 12.)

16. Defendants Lake Forest and French have not paid any amounts due and owing pursuant to Loan Agreements 1 and 2. (Ex. 1, ¶ 14.)

17. As of December 20, 2007, Defendants Lake Forest and French owe $4,722,904.11 of principal and interest on Loan Agreement 1. In addition, Lake Forest and French will owe an additional $2,268.49 per day in interest on the amounts due under Loan Agreement 1. (Ex. 2, ¶ 3.)

18. As of December 20, 2007, Defendants Lake Forest and French owe $686,143.84 of principal and interest on Loan Agreement 2. In addition, Lake Forest and French will owe an additional $195.89 per day in interest on the amounts due under Loan Agreement 2. (Ex. 2, ¶ 4.)

19. Lake Forest and French have not provided General Chain with any lot on the Island. (Ex. 1, ¶ 14.)

Dated: December 20, 2007         Respectfully submitted,

                                 GENERAL JOHN T. CHAIN, JR.


                                 By:    /s/ Jonathan M. Cyrluk
                                        One of His Attorneys

Jonathan M. Cyrluk
Mariah E. Moran
STETLER & DUFFY, LTD.
11 South LaSalle Street
Suite 1200
Chicago, Illinois 60603
Phone: 312-338-0200
Fax:   312-338-0070