**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GENERAL JOHN T. CHAIN, JR. | ) | |
| (USAF, Retired), | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  07 C 6317 |
| | ) | |
| v. | ) | |
| | ) | Honorable Ronald A. Guzman |
| LAKE FOREST PARTNERS, LLC, | ) | |
| a Nevada Corporation; CHRISTOPHER | ) | |
| T. FRENCH, ALBERT J. MONTANO | ) | |
| and MARK D. WEISSMAN, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO CERTAIN DEFENDANTS'**
**MOTION FOR A SECOND  EXTENSION OF TIME**
**WITHIN WHICH TO FILE A RESPONSIVE PLEADING**

Plaintiff General John T. Chain, Jr. ("General Chain"), by his attorneys, respectfully submits the following response to the motion of Defendants Lake Forest Partners, LLC ("Lake Forest") and Christopher T. French ("French") for a second extension of time to file a responsive pleading (the "Motion").

## INTRODUCTION

In a patent effort to delay the inevitable entry of a multi-million dollar judgment against them, Lake Forest filed the Motion – which is riddled with misstatements – in which they seek a second extension of time to answer a simple three-count complaint.  If the Court were to grant the second requested extension, the Court will have given Lake Forest and French a staggering ***98 days*** to file a responsive pleading to a 10-page, three-count complaint.  There is no justification to delay this case any further and, contrary to Lake Forest and French's assertion, General Chain will be severely prejudiced by 30-day

additional extension.  As a professional courtesy to the attorneys at Foley & Lardner, however, General Chain will consent to a one week extension to file a responsive pleading.

## **BACKGROUND**

Between August and October 2005, Lake Forest and French solicited General Chain (the retired Commander-In-Chief of the United States Strategic Air Command) to loan $3.5 million to Lake Forest in connection with a real estate development project in the Bahamas.  Pursuant to two loan agreements, General Chain lent $3.5 million to Lake Forest.  Lake Forest and French agreed to repay $500,000, plus interest, by January 26, 2006 and $3 million, plus interest, by August 14, 2006.  Defendant French guaranteed the loans.  Despite repeated promises and assurances, Lake Forest and French have not repaid any amounts to General Chain.  As a result on **November 7, 2007**, General Chain initiated this action against Lake Forest and French to collect all amounts due and owing.  Lake Forest and French cannot deny that Chain lent $3.5 million to Lake Forest and that Chain has not been repaid any amounts.

Lake Forest and French were served with a summons and complaint on November 16, 2007 and November 20, 2007, respectively.  Their responsive pleadings were due on December 6 and 10, 2007.  On December 13, 2007 (three days after their responsive pleading was due), in an effort to delay the inevitable judgment on Counts I and II, Lake Forest and French filed their first motion to for an extension to file a responsive pleading, in which they sought a 48-day extension of time until January 28, 2008 to file a responsive pleading.  The Court granted the first extension motion prior to the initial appearance on the Motion.

2

On December 20, 2007, General Chain filed a motion for summary judgment against Lake Forest and French on Counts I and II.  The parties appeared on January 3, 2008 for the initial presentment of the motion for summary judgment.  The Court advised that it was the Court's practice not to entertain any motions for summary judgment until an answer was filed.  Thus, Lake Forest and Chain have virtually no incentive to respond to the complaint.

## THE COURT SHOULD NOT GRANT A 30-DAY EXTENSION

As a basis for the requested 30-day extension, Lake Forest and French claim that they are switching lawyers and "no arrangements [with the new lawyers] were able to be finalized prior to [] January 28, 2008 . . . ."  (Motion, ¶ 6.)  This statement is inaccurate; new counsel was retained by at least January 17.  Indeed, Counsel who signed the Motion advised that Lake Forest and French "retained new counsel" on January 17, 2008.  *See* Group Exhibit 1, attached hereto.  Furthermore, on January 21, 2008, counsel to General Chain and new counsel to Lake Forest and French conducted the Court-mandated Rule 26 conference.  Prior to the conference, Lake Forest and French's new attorneys confirmed that they had been formally retained.  *See* Docket No. 30.

Lake Forest and French conclude the Motion with their assertion that providing them with another 30-day extension is "reasonable, fair, and will not unfairly prejudice" General Chain.  (Motion, ¶ 8.)  Contrary to Lake Forest and French's assertion, there is nothing fair about granting another extension.  General Chain has waited more than two years for repayment of his money and has been serially lied to by Defendant French.  Furthermore, granting an additional extension of time will prejudice General Chain.  There is a long list of creditors, both known and unknown to General Chain, who are

3

seeking to collect their debts and every day that General Chain is forestalled from obtaining judgment is another day in which other creditors levy on Lake Forest and French's assets, potentially leaving General Chain without a remedy. *See, e.g., Greystone Business Credit II, LLC v. Lake Forest Partners Yacht, LTD., Lake Forest Partners, LLC, et al.*, Case No. 07 C 5040 (N.D. Ill.) *(*Judge Andersen is overseeing collection activities in connection with a judgment obtained against Lake Forest in Florida); *Tobias v. Christopher French, Lake Forest Partners, LLC, et al.*, Case No. 06 CH 18664 (Cir. Ct. Cook Cty.); *Moss v. Christopher French, Lake Forest Partners, LLC, et al.,* Case No. 06 L 13160 (Cir. Ct. Cook Cty.); *Craig v. Montano, et al.*, Case No. 07 L 8015  (Cir. Ct. Cook Cty.).

## **CONCLUSION**

Based on the foregoing, the Court should deny the Motion and only provide Defendants Lake Forest and French until February 5, 2008 to file a responsive pleading.

Dated: January 30, 2008                    Respectfully submitted,

GENERAL JOHN T. CHAIN, JR.


By:___/s/ Jonathan M. Cyrluk_____
        One of His Attorneys

Jonathan M. Cyrluk
Mariah E. Moran
STETLER & DUFFY, LTD.
11 South LaSalle Street
Suite 1200
Chicago, Illinois  60603
Phone: 312-338-0200
Fax:    312-338-0070

<u>CERTIFICATE OF SERVICE</u>

      I, Jonathan M. Cyrluk, an attorney, certify that I caused a copy of this Notice of Motion, with the attached **Plaintiff's Response to Certain Defendants' Motion for a Second  Extension of Time Within Which to File a Responsive Pleading** to be filed with the Clerk of the Court and served via the Court's CM/ECF system or as otherwise indicated on the attached service list, this 30th day of January, 2009.


                           /s/ Jonathan M. Cyrluk

**<u>SERVICE LIST</u>**

**<u>Via CM/ECF</u>**

John Michael Riccione
Aronberg, Goldgehn, Davis & Garmisa
One IBM Plaza, Suite 3000
Chicago, IL 60611-3633

**<u>Via Email</u>**

Martin Bishop
Daniel Dingerson
Foley & Lardner, LLP
321 N. Clark Street
Suite 2800
Chicago, IL 60610
mbishop@foley.com
ddingerson@foley.com