THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GENERAL JOHN T. CHAIN, JR. ) <br> (USAF, Retired), ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LAKE FOREST PARTNERS, LLC, ) <br> a Nevada Corporation; CHRISTOPHER ) <br> T. FRENCH, ALBERT J. MONTANO ) <br> and MARK D. WEISSMAN, M.D., ) <br> ) <br> Defendants. ) | | Case No.  07 C 6317 <br><br> Honorable Ronald A. Guzman |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT LAKE FOREST PARTNERS, LLC**

Plaintiff General John T. Chain, Jr. ("General Chain"), by his attorneys, and pursuant to Fed. R. Civ. P. 54(b) and 55(b), respectfully requests the Court to enter a default judgment against Defendant Lake Forest Partners, LLC ("Lake Forest"). Alternatively, pursuant to Fed. R. Civ. 12(c), General Chain respectfully requests the Court to enter judgment on the pleadings in his favor and against Lake Forest in the amount of $3.5 million, plus interest.  In support of this Motion, General Chain respectfully states as follows.

**INTRODUCTION**

1.  This case is a straightforward collection action.  Pursuant to two loan agreements, General Chain lent a total of $3.5 million to Lake Forest.  In return, Lake Forest promised to repay the $3.5 million, plus interest, and provide two home lots each with a value between $2 million and $3 million on an island ("Royal Island") in the Bahamas in connection with a real estate development project in which Lake Forest has an

interest. Lake Forest breached their agreements and has not repaid any amounts to General Chain and has not provided General Chain with the promised home lots. As result, General Chain filed the instant lawsuit on November 7, 2007.

2.  For approximately five months, Defendant Lake Forest has attempted to delay the inevitable entry of a multi-million dollar judgment against it. On March 18, Lake Forest's second set of lawyers, Foley & Lardner ("Foley"), sought to withdraw as counsel. Before granting Foley permission to withdraw, the Court required Foley to fully apprise Lake Forest and its principal, defendant Christopher French ("French"), of the consequences of their counsel's proposed withdrawal. Specifically, the Court advised that Lake Forest (and French) would not receive an extension of time to answer outstanding discovery, that the discovery cut-off date would not be extended, and that French and Lake Forest (or their new counsel) was to appear at the next status hearing on April 3, 2008. Lake Forest's former attorney communicated the Court's message to Lake Forest and French. *See* Exhibit 1, attached hereto.

3.  On April 3, 2008, the Court held a status hearing concerning Foley's motion to withdraw. In light of Foley's letter to Lake Forest and French advising them of the ramifications of Foley's withdrawal, the Court granted Foley's motion to withdraw. Lake Forest and French, however, violated the Court's directive and did not appear at the April 3-hearing.

4.  Since Foley withdrew as counsel to Lake Forest, no attorney has appeared on behalf of Lake Forest. It is well-settled that corporations cannot represent themselves *pro se*. Because Lake Forest does not have counsel it has not appeared in this case and, therefore, is in default and judgment should be entered against Lake Forest. *See Casio*

*Computer Co., Ltd. v. Noren*, 35 Fed. Appx. 247, 249 (7th Cir. 2002) (affirming default of corporation that did not retain counsel after prior counsel withdrew); *Central Manufacturing Co. v. Pure Fishing, Inc.,* No. 05-cv-725, 2005 WL 3090988, *4 (N.D. Ill. Nov. 16, 2005) ("default judgment is entered as to each of the corporate counter-defendants for failure to obtain competent representation, despite ample opportunity to do so."); *Cash v. American Rubber Products, Inc.,* No. 05-cv-0549, 2007 WL 1099484, *1 (N.D. Ind. April 10, 2007) (defaulting corporation that did not obtain counsel after prior counsel withdrew). In addition to it default, pursuant to Fed. R. Civ. P. 12(c), the Court should enter judgment on the pleadings against Lake Forest because in its answer to the complaint, Lake Forest admitted that it owes $3.5 million, plus interest, to General Chain.

## BACKGROUND FACTS

5.     Between August and October 2005, Lake Forest and French solicited General Chain (the retired Commander-In-Chief of the United States Strategic Air Command) to loan $3.5 million to Lake Forest in connection with a real estate development project in the Bahamas. Pursuant to two loan agreements, General Chain lent $3.5 million to Lake Forest. Lake Forest and French agreed to repay $500,000, plus interest, by January 26, 2006 and $3 million, plus interest, by August 14, 2006. In addition, Lake Forest promised to provide General Chain with two lots on Royal Island, each with a value between $2 million and $3 million.

6.     Despite repeated promises and assurances, Lake Forest has not repaid any amounts to General Chain and did not provide General Chain with any of the promised lots on Royal Island. As a result on November 7, 2007, General Chain initiated this action against Lake Forest to collect all amounts due and owing.

7.      Since the filing of this case, Lake Forest's sole strategy has been to delay. Lake Forest initially was represented by attorney John Riccione.  On behalf of Lake Forest, Mr. Riccione sought and received an extension of time to respond to the complaint until January 28, 2008 (*i.e.*, a 48-day extension).  *See* Docket Nos. 13 and 15.  On January 28, 2008, the date that Lake Forest was supposed to respond to the complaint, Mr. Riccione filed a motion to withdraw as counsel to Lake Forest (the "First Motion to Withdraw") and for another 30-day extension of time to answer the complaint.  The Court entered and continued the First Motion to Withdraw and allowed Lake Forest until February 11, 2008 to answer and find new counsel.  *See* Docket No. 32.  On February 11, 2008, attorneys at Foley filed a motion for leave to appear and file an answer on behalf of Lake Forest.  *See* Docket No. 33.

8.      In its answer, Lake Forest admits that it owes General Chain $3.5 million, plus interest under the various loan agreements.  *See* Exhibit 2, ¶¶ 32, 38.  Lake Forest denied that it owed the home lots to General Chain and that it defrauded General Chain.

9.      On March 10, 2008, General Chain issued document requests, interrogatories and requests for admission to Lake Forest.  *See* Exs. 3 and 4.  Pursuant to the Federal Rules of Civil Procedure, Lake Forest's discovery responses were due April 9, 2008.  Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), and 36(a)(3).

10.     On March 18, 2008, Foley filed a motion to withdraw its appearance (the "Second Motion to Withdraw") on behalf or Lake Forest and French.  On March 20, 2008, Foley and counsel for General Chain appeared in Court on the Second Motion to Withdraw.  The Court entered and continued the Second Motion to Withdraw until April 3, 2008.  The Court directed Foley to advise both Lake Forest and French in writing that

4

the Court would not extend either the due dates of outstanding discovery and the discovery cut-off date. The Court further instructed Foley to tell French that he was required to appear in Court on April 3 either in person or through new counsel. On March 21, 2008, Foley complied with the Court's directive. *See* Exhibit 1.

11. On April 3, 2008, the Court allowed Foley to withdraw, but neither French nor a new attorney for Lake Forest and/or French appeared in contravention of the Court's directive. *See* Docket No. 51.

12. Lake Forest and French did not respond to General Chain's discovery requests by the April 9 due date, including the requests for admissions which addressLake Forest's denials that it owed General Chain the home lots and that it defrauded General Chain.

## ARGUMENT

13. It is well-settled that a corporation cannot appear *pro se*. *Casio Computer Co., Ltd. v. Noren*, 35 Fed. Appx. 247, 249 (7th Cir. 2002) ("corporations may not appear pro se"). If a corporation does not have counsel, the Court should enter a default judgment against it. *Central Manufacturing Co. v. Pure Fishing, Inc.,* No. 05-cv-725, 2005 WL 3090988, *4 (N.D. Ill. Nov. 16, 2005) (entering default judgment against corporation that failed to obtain counsel). Here, Lake Forest has had two sets of lawyers withdraw as its counsel and, despite the Court's warnings, Lake Forest has not retained new counsel. Accordingly, the Court should enter a default judgment against Lake Forest.

14. In addition to Lake Forest's default, there are additional reasons to enter judgment against Lake Forest and in favor of General Chain. First, in its answer, Lake Forest admitted that it entered into the two loan agreements at issue (Ex. 2, ¶¶ 19, 22), that

5

General Chain lent Lake Forest $3.5 million (Ex. 2, ¶¶ 31, 37), that Lake Forest had not repaid any amounts to General Chain (Ex. 2, ¶¶ 23, 24) and the Lake Forest and French breached the loan agreements by failing to repay all amounts due General Chain. (Ex. 2, ¶¶ 32, 38.) Therefore, at minimum, pursuant to Fed. R. Civ. P. 12(c), the Court should grant judgment on the pleadings in favor of General Chain, and against Lake Forest, in the amount of $3.5 million, plus interest under the two loan agreements. As of April 14, 2008, General Chain is owed $4,981,512.33, plus per diem interest of $2,268.49 on the first loan and $708,475.34, plus per diem interest of $195.89 on the second loan. *See* Ex. 5, attached hereto.

15. Lake Forest's only affirmative contentions were that it did not owe General Chain any amounts for the promised lots and that it did not defraud General Chain. To prove Lake Forest's affirmative contentions false, General Chain issued discovery requests, including requests for admissions, that if answered truthfully would proved that Lake Forest owed the two home lots and defrauded General Chain. *See, e.g.,* Ex. 4, Nos. 17-23. Lake Forest failed to answer the requests for admission and, therefore, they are deemed admitted. Fed. R. Civ. P. 36(a)(3).

Wherefore, Plaintiff General John T. Chain, Jr. respectfully requests the Court to: (1) enter a default judgment in favor of General Chain and against Defendant Lake Forest on all counts in the amount of $5,689,987.67, plus per diem interest of $2,464.38 until the date of the entry of judgment, plus an additional $5 million[1] for the value of the lots on Royal Island that Lake Forest promised to General Chain. Alternatively, General Chain

---

[1] Pursuant to Loan Agreements 1 and 2, Lake Forest was to provide General Chain two lots on Royal Island, each valued between $2 million and $3 million. For purposes of this motion, General Chain seeks damages in the middle of the range.

respectfully requests the Court to : (1) enter judgment on the pleadings in favor of General Chain and against Lake Forest on Count I in the amount of $4,981,512.33, plus per diem interest of $2,268.49 until the date of the entry of judgment; and (2) enter judgment on the pleadings in favor of General Chain and against Lake Forest on Count II of the complaint in the amount of $708,475.34, plus per diem interest of $195.89 until the date of the entry of judgment.

Dated: April 14, 2008                     Respectfully submitted,

                                          GENERAL JOHN T. CHAIN, JR.


                                          By:    /s/ Jonathan M. Cyrluk
                                                 One of His Attorneys

Jonathan M. Cyrluk
Henry M. Baskerville
STETLER & DUFFY, LTD.
11 South LaSalle Street
Suite 1200
Chicago, Illinois  60603
Phone: 312-338-0200
Fax:    312-338-0070

## CERTIFICATE OF SERVICE

I, Jonathan M. Cyrluk, an attorney, certify that I caused a copy of this Notice of Motion, with the attached **Plaintiff's Motion for Default Judgment Against Defendant Lake Forest Partners, LLC** to be filed with the Clerk of the Court and served via the Court's CM/ECF system or as otherwise indicated on the attached service list, this 14th day of April, 2008

/s/ Jonathan M. Cyrluk

**SERVICE LIST**

**Via CM/ECF**

Louis David Bernstein
Lorne Todd Saeks
Much Shelist
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
lbernstein@muchshelist.com
lsaeks@muchshelist.com
*Attorneys for Defendant Albert J. Montano*


**Via Federal Express Priority Overnight Mail**

Lake Forest Partners, LLC
c/o Mr. Christopher French, Sole Managing Member
249 Market Square
Lake Forest, IL 60045

Christopher French
739 Timber Ridge
Fontana, WI 53125

Scott Weissman
3238 North Lakewood
Chicago, IL 60657