IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GENERAL JOHN T. CHAIN, JR., | ) | |
| (USAF, Retired), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 6317 |
| | ) | |
| v. | ) | Honorable Ronald A. Guzman |
| | ) | |
| LAKE FOREST PARTNERS, LLC, | ) | |
| A Nevada Corporation; CHRISTOPHER | ) | |
| T. FRENCH, ALBERT J. MONTANO | ) | |
| and MARK D. WEISSMAN, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

**LAKE FOREST PARTNERS, LLC AND CHRISTOPHER FRENCH'S**
**MEMORANDUM OF LAW IN OPPOSITION TO SUMMARY JUDGMENT**

Defendants Lake Forest Partners, LLC ("Lake Forest") and Christopher French ("French"), by their attorneys, hereby respond to Plaintiff General John T. Chain's ("Chain") motion for Summary Judgment as follows:

**INTRODUCTION**

This case arises out of a failed business venture, and Plaintiff General John T. Chain's ("Chain") informed decision to make an explicitly unsecured, speculative investment in that venture. Plaintiff and Defendants executed two "agreements" covering the advances of funds. Those "agreements" also contained a <u>conditional term</u> regarding the option to acquire property in the future, provided the business venture was successful in its principle goal: the acquisition and development of several islands in the Bahamas. Chain's complaint fails to recognize the conditional nature of those terms, fails to adequately address clear and explicit ambiguities in the alleged agreements between the parties, and is speculative in the extreme on the issue of damages. In addition, Chain's statement of undisputed facts contains a number of facts which

are, in fact, disputed. For these reasons, judgment in Chain's favor at this time is not warranted, and this Court should deny his motion for Judgment under Rule 56.

## ARGUMENT

### I. Chain's Motion for Summary Judgment Does Not Resolve Issues of Material Fact Which are In Dispute.

It is well-established in Illinois that where there are ambiguous terms in a contract, summary judgment is not appropriate and the interpretation of those terms must be left to the trier of fact. In this instance, assuming the contracts are valid, there are a number of ambiguities within those contracts which make summary judgment inappropriate.

When interpreting written contracts, the trial judge initially makes the determination of whether the contract is ambiguous or unambiguous as a matter of law. *Metalex Corp. v. Uniden Corp. of America*, 863 F.2d 1331, 1333 (7th Cir. 1988). "A term is ambiguous if it is subject to reasonable alternative interpretations." *Hickey v. A.E. Staley Manufacturing*, 995 F.2d 1385 (7th Cir. 1993), quoting *Taylor v. Continental Group*, 933 F.2d 1227, 1232 (3rd Circuit. 1991). "[S]ummary judgment should be entered only if the pertinent provisions of the contractual documents are unambiguous; it is the lack of ambiguity within the express terms of the contract that forecloses any genuine issues of material fact." *Ryan v. Chromalloy American Corp.*, 877 F.2d 598, 602 (7th Cir. 1989).

The parties contest the meaning of several terms in the "contracts." Although it is French and Lake Forest's firm contention that their interpretation of the language in those documents is the correct one, for the purposes of this motion, all they have to show is that Chain's purported interpretation is not the only reasonable interpretation. *Hickey*, 995 F.2d 1285.

First, Plaintiffs dispute that the terms of the two "contracts" involved an absolute promise to provide Chain with a plot of land on the Island. The relevant contractual term (which is identical to both agreements) is:

> "Once the acquisition of Royal island is achieved, then the Lender will Receive a home building site (worth a list price of $2 to $3 Million) as Additional interest return." Ex. 1 and 2, paragraph 7.

Chain treats this term of the "contract" as an absolute, unconditional term which sets forth that he will receive a plot of land as a result of making the loan.

However, such interpretation belies a plain reading of the words used. The clause in question explicitly includes a condition precedent to Chain's "right" to obtain a home building site – Chain only obtains that "right" "Once the acquisition of Royal Island is achieved[.]" Moreover, the term does not obligate the defendants in this matter to "achieve" the acquisition of Royal Island, it merely states that the acquisition is a precondition for the vesting of the right. Therefore, the fact that the acquisition of Royal Island did not take place is irrelevant to the defendants' performance of the contract, it is only relevant to Chain's conditional "right" to obtain a home building site. Because Defendants have submitted a reasonable alternative explanation of the meaning of the terms in dispute, summary judgment is clearly not warranted.[1]

To similar effect, Chain is also incorrect when he argues that he may recover the value of the conditional home building site from the guarantors. (See Motion for Summary Judgment, pp. 7-8) Chain contends that the guarantors are obligated to him for the value of the conditional home building site based upon the following language:

---

[1] It is Defendants' position that Chain's claim that the agreement includes an absolute right to the home building site is incorrect as a matter of law. Any such right was conditional and based upon the deal closing, which never occurred. See Answer at ¶21. However, as discussed herein, this Court need only find that there is a reasonable alternative explanation of the disputed term or agreement to deny summary judgment.

3

> "WHEREAS as an inducement for the Lender to loan LFP Three Million and no/100 Dollars ($3,000,000.00) so LFP can use such monies to fund the partnership activities to include aspects of Royal Island Marketing and development; Weissman, Montano and French hereby guarantee the payment of such amount in full, including principal and interest as set forth below." (Ex. 1 and 2, p. 1)

Chain is therefore interpreting the "guarantee" to extend to the conditional "home building sites," as well as the principal and interest of the monetary loans. However, even if there was a basis to recovery for the conditional home building site (which Defendants deny), the cited language does not extend the guaranty with respect to the value of the home building site.

Furthermore, there is another, alternative reasonable interpretation of this provision. The language of the agreement sets forth the specific amount to be loaned, and then states that "French hereby guarantee[s] <u>the payment of such amount in full</u>, including principal and interest as set forth below." The "guarantee" does not, by its own terms, apply to the value of the conditional "home building sites" – only to the principal and interest of the loan. Essentially, the guaranty was to assure repayment of the actual monies lent, which is the purpose of a guaranty. It is therefore reasonable to interpret the provision so that it does not include personal guarantees of the conditional "home building sites."

Accordingly, Chain has not established a matter of law that he is entitled to judgment in his favor. His interpretation of the agreements is contrary to the plain language used, and at a minimum there are alternative reasonable interpretations of the disputed terms.

## II.     The Damages Asserted Are A Triable Issue of Fact.

Should this Court grant summary judgment as to liability, there still remain disputed issues of fact as damages. The damages asserted by Chain are extremely speculative, and deal with complex valuation issues. They are therefore, factual issues which would have to be left to the discretion of the trier of fact.

Chain claims that he was promised two plots of land for "home building sites," the combined value of which he calculates to be $2.5 million dollars in his damages. (Motion for Summary Judgment, p. 8). It is unclear how he arrived at that value for his damages, and the amount appears unsupported by declaration or proof in the record.

The terms in question, assuming *arguendo* that they are not conditional, each set forth that Chain will "[r]eceive a home building site (worth a list price of $2 to $3 Million)[.]" There are two notable features to this term – first, that the value of the sites is determined by the "list price" of those sites, *i.e.*, the value by which they would be sold after the completion of the development; and secondly, that the combined "list price" of the lots would be $4-$5 million.

So, it is unclear how to calculate damages for a breach of that term. The development never reached fruition, so it is impossible to determine from the evidence before this Court the types of lot that would have been "listed" at $2-$3 million dollars. Furthermore, a "list price" does not represent the actual fair market value of the sites in question – they could be sold for a smaller, or even greater, sum than that for which they are "listed." Asking this Court to determine the prospective fair market value of listed units that were never listed and, indeed, never developed is speculative in the extreme. The determination of the value of those term in the "contracts" requires additional fact discovery and possibly expert testimony – the value simply cannot be determined by the evidence currently before this Court.

For that reason, the damages claimed in this matter are speculative and disputed issues of fact, and require additional discovery. For that reason, summary judgment is not appropriate at this time.

LAKE FOREST PARTNERS, LLC AND
CHRISTOPHER T. FRENCH


/s/ Christopher J. Petelle
One of Their Attorneys

Louis D. Bernstein (ARDC # 6192379)
Lorne T. Saeks (ARDC #6207595)
Christopher J. Petelle (ARDC #6287082)
**MUCH SHELIST DENENBERG AMENT & RUBENSTEIN, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 521-2000

## CERTIFICATE OF SERVICE

I, Christopher J. Petelle, an attorney, certify that, on this 1st day of May 2008, I electronically filed **LAKE FOREST PARTNERS, LLC AND CHRISTOPHER FRENCH'S MEMORANDUM OF LAW IN OPPOSITION TO SUMMARY JUDGMENT**, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

> Jonathan M. Cyrluk
> Mariah E. Moran
> Stetler & Duffy, Ltd.
> 11 South LaSalle Street
> Suite 1200
> Chicago, IL 60603

/s/ Christopher J. Petelle