IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GENERAL JOHN T. CHAIN, JR., | ) | |
| (USAF, Retired), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 6317 |
| | ) | |
| v. | ) | Honorable Ronald A. Guzman |
| | ) | |
| LAKE FOREST PARTNERS, LLC, | ) | |
| A Nevada Corporation; CHRISTOPHER | ) | |
| T. FRENCH, ALBERT J. MONTANO | ) | |
| and MARK D. WEISSMAN, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS LAKE FOREST PARTNERS, LLC AND CHRISTOPHER T. FRENCH'S
ANSWERS TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS
FOR WHICH THERE IS NO GENUINE ISSUE AND THAT
<u>ENTITLE PLAINTIFF TO SUMMARY JUDGMENT</u>**

Defendants Lake Forest Partners, LLC and Christopher T. French, by and through their attorneys, submit their Answers to Plaintiff's Statement of Material Facts For Which There Is No Genuine Issue and that Entitle Plaintiff to Summary Judgment.

## <u>PARTIES</u>

1. Plaintiff General John T. Chain, Jr. resides in Fort Worth, Texas and is a citizen of Texas. General Chain is 73 years old and is a retired United States Air Force General whose military career spanned 34 years and included servicing as the Commander-In-Chief of the United States Strategic Air Command. (Ex. 1, ¶ 1.)

**ANSWER**:   Admitted.

2. Defendant Lake Forest Partners, LLC ("Lake Forest") is a Nevada corporation, with its principal place of business in Lake Forest, Illinois. For diversity purposes, Lake Forest is a citizen of Nevada and Illinois.

**ANSWER**:   Denied that Defendant Lake Forest Partners, LLC is a Nevada

Corporation, and that Lake Forest is a citizen of Nevada.  (LFP Answer, ¶9)  Except as denied,

admitted.

3.      Defendant French resides in Fontana, Wisconsin and is a citizen of Wisconsin. At all times material to this lawsuit, French was a Principal of Lake Forest.

**ANSWER**:    Admitted.

## JURISDICTION AND VENUE

4.      This is a civil action in which the United States District Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a) because Plaintiff and the Defendants are citizens of different states and because the amount in controversy exceeds $75,000.

**ANSWER**:    Admitted.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(a) because Defendants Lake Forest and certain other Defendants reside in this judicial district and a substantial portion of the events or omissions giving rise to General Chain's claims occurred in this judicial district.

**ANSWER**:    Admitted.

## FACTUAL BACKGROUND

6.      In or about August 2005, Lake Forest solicited General Chain for an investment in the development of a collection of three uninhabited islands located in the Commonwealth of the Bahamas known as "Royal Island" (the three islands are referred to herein collectively as the "Island"). (Ex. 1, ¶ 3.)

**ANSWER**:    Denied that Lake Forest in any way solicited General Chain for an

investment, capital, or other form of involvement.  (Answer, ¶18)

7.      Lake Forest asked General Chain to make an initial loan of $3 million to Lake Forest. (Ex. 1, ¶ 4.)

**ANSWER**:    Denied that Lake Forest requested that General Chain make an initial loan

of $3 million.  (Answer, ¶18)

8.      On or about August 11, 2005, General Chain agreed to loan $3 million to Lake Forest pursuant to the terms a Loan Agreement ("Loan Agreement 1"). Pursuant to Loan Agreement 1, Lake Forest agreed to repay the $3 million loan amount, plus interest of twenty percent (20%) per annum, on or before August 14, 2006. In the event of default, Lake Forest

2

agreed to pay an additional 3% rate of interest on the outstanding amount of the loan. Loan Agreement 1 also provided that General Chain would receive a home building site on the Island worth between $2 million and $3 million. (Ex. 1, ¶ 5.)

    **ANSWER**:    Denied.  (Answer, ¶19; Ex. 1, ¶7)


9.    Defendant French guaranteed Lake Forest's obligations under Loan Agreement 1. (Ex. 1, ¶ 6.)

    **ANSWER**:    Denied.  (Answer, ¶20; Ex. 1, p1)


10.    Between August 10 and October 25, 2005, Lake Forest asked General Chain to loan additional sums to Lake Forest. Like the first loan, in addition to interest on the principal amount of the loan, Lake Forest agreed to provide General Chain another parcel of land on the Island. (Ex. 1, ¶ 7.)

    **ANSWER**:    Denied that Lake Forest solicited Chain to loan additional sums to Lake Forest, and denied that Lake Forest agreed to provide General Chain with a parcel of land. (Answer, ¶21)


11.    On or about October 26, 2005, General Chain loaned an additional $500,000 to Lake Forest pursuant to the terms of a Loan Agreement ("Loan Agreement 2"). Under the terms of Loan Agreement 2, Lake Forest agreed to repay the $500,000 loan amount, plus interest of ten percent per **[sic]** (10%) for a 90-day period, on or before January 26, 2006. In the event of default, Lake Forest agreed to pay an additional 3% rate of interest on the outstanding amount. Loan Agreement 2 also provided that General Chain would receive a home building site on the Island worth between $2 million and $3 million. (Ex. 1, ¶ 8.)

    **ANSWER**:    Denied.  (Answer, ¶22; Ex. 2, ¶7)


12.    Defendant French guaranteed Lake Forest's obligations under Loan Agreement 2. (Ex. 1, ¶ 9.)

    **ANSWER**:    Denied.  (Answer, ¶22; Ex. 2, p1)


13.    On January 26, 2006, Lake Forest defaulted on its obligations to repay General Chain $500,000, plus interest, as set forth in Loan Agreement 2. (Ex. 1, ¶ 10.)

3

**ANSWER**:   Lake Forest admits that as of January 26, 2006, the amount of $500,000, plus interest remained unpaid.

14.     On August 14, 2006, Lake Forest defaulted on its obligations to repay General Chain $3 million, plus interest, as set forth in Loan Agreement 1. (Ex. 1, ¶ 11.)

**ANSWER**:   Lake Forest admits that as of August 14, 2006, the amount of $3 million, plus interest remained unpaid.

15.     General Chain demanded that Defendants Lake Forest and French perform their obligations under the Loan Agreements 1 and 2. (Ex. 1, ¶ 12.)

**ANSWER**:   Admitted.

16.     Defendants Lake Forest and French have not paid any amounts due and owing pursuant to Loan Agreements 1 and 2. (Ex. 1, ¶ 14.)

**ANSWER**:   Admitted that Lake Forest and French have not paid any amounts pursuant to Loan Agreements 1 and 2.  Denied that the amounts specified in the complaint and the motion for summary judgment are accurate.  (Answer, ¶19, 21, 22)

17.     As of December 20, 2007, Defendants Lake Forest and French owe $4,722,904.11 of principal and interest on Loan Agreement 1. In addition, Lake Forest and French will owe an additional $2,268.49 per day in interest on the amounts due under Loan Agreement 1. (Ex. 2, ¶ 3.)

**ANSWER**:   Admitted.

18.     As of December 20, 2007, Defendants Lake Forest and French owe $686,143.84 of principal and interest on Loan Agreement 2. In addition, Lake Forest and French will owe an additional $195.89 per day in interest on the amounts due under Loan Agreement 2. (Ex. 2, ¶ 4.)

**ANSWER**:   Admitted.

19.     Lake Forest and French have not provided General Chain with any lot on the Island. (Ex. 1, ¶ 14.)

4

**ANSWER**:   Admitted that Lake Forest and French have not provided Chain with a lot, and denied that any lots are due and owing.

**DEFENDANTS LAKE FOREST PARTNERS, LLC AND CHRISTOPHER T. FRENCH'S COUNTER-STATEMENT OF MATERIAL FACTS THAT REFUTE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants Lake Forest Partners, LLC and Christopher T. French, by and through their attorneys, submit their Answers to Plaintiff's Statement of Material Facts For Which There Is No Genuine Issue and that Entitle Plaintiff to Summary Judgment.

1. In the document entitled "Loan Agreement" dated August 11, 2005, paragraph 7 states that: "Once the acquisition of Royal Island is achieved, then the Lender will Receive a home building site (worth a list price of $2 to $3 Million) as Additional interest return. The site shall be a "standard" site as defined in the Purchase and Sale Agreement." (Ex. 1, ¶7)

**ANSWER**:

2. That term contains a condition precedent, whereby General Chain only became entitled to a "building site" as "additional interest" when the acquisition of Royal Island was achieved. (Ex. 1, ¶7)

**ANSWER**:

3. In the document entitled "Loan Agreement" dated October 26, 2005, paragraph 7 states that: "Once the acquisition of Royal Island is achieved, then the Lender will Receive a

5

home building site (worth a list price of $2 to $3 Million) as Additional interest return.  The site shall be a "standard" site as defined in the Purchase and Sale Agreement."  (Ex. 2, ¶7)

**ANSWER**:

4.      That term contains a condition precedent, whereby General Chain only became entitled to a "building site" as "additional interest" when the acquisition of Royal Island was achieved.  (Ex. 2, ¶7)

**ANSWER**:

5.      Lake Forest Partners, LLC never acquired Royal Island.  (Answer, ¶46)

**ANSWER**:

6.      Chain has no right to a "building site" under the document entitled "Loan Agreement" dated August 11, 2005.  (Ex. 1, ¶7)

**ANSWER**:

7.      Chain has no right to a "building site" under the document entitled "Loan Agreement" dated October 26, 2005.  (Ex. 2, ¶7)

**ANSWER**:

                LAKE FOREST PARTNERS, LLC AND
                CHRISTOPHER T. FRENCH


                /s/ Christopher J. Petelle
                One of Their Attorneys

Louis D. Bernstein (ARDC # 6192379)
Lorne T. Saeks (ARDC #6207595)
Christopher J. Petelle (ARDC #6287082)
**MUCH SHELIST DENENBERG AMENT & RUBENSTEIN, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 521-2000

## CERTIFICATE OF SERVICE

      I, Christopher J. Petelle, an attorney, certify that, on this 1st day of May 2008, I electronically filed **DEFENDANTS LAKE FOREST PARTNERS, LLC, AND CHRISTOPHER T. FRENCH'S ANSWERS TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS FOR WHICH THERE IS NO GENUINE ISSUE AND THAT ENTITLE PLAINTIFF TO SUMMARY JUDGMENT**, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

                        Jonathan M. Cyrluk
                        Mariah E. Moran
                        Stetler & Duffy, Ltd.
                        11 South LaSalle Street
                        Suite 1200
                        Chicago, IL 60603

                                            /s/ Christopher J. Petelle