## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GENERAL JOHN T. CHAIN, JR. | ) | |
| (USAF, Retired), | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  07 C 6317 |
| | ) | |
| v. | ) | Honorable Ronald A. Guzman |
| | ) | |
| LAKE FOREST PARTNERS, LLC, | ) | |
| a Nevada Corporation; CHRISTOPHER | ) | |
| T. FRENCH, ALBERT J. MONTANO | ) | |
| and MARK D. WEISSMAN, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

## GENERAL CHAIN'S REPLY IN SUPPORT OF HIS
## MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff, General John T. Chain, Jr. ("General Chain"), by and through his attorneys, hereby submits this Reply Memorandum in Support of His Motion for Judgment on the Pleadings.[1] In support of his Motion, General Chain states as follows:

## INTRODUCTION

In its answer (and other submissions), Lake Forest admits that it owes General Chain more than $5 million in principal and interest pursuant to two loan agreements entered into between General Chain and Lake Forest. Because these facts are not in dispute, the Court should enter partial judgment on the pleadings in favor of General

---

[1] As the Court will recall, on April 14, 2008, General Chain filed a Motion for Default Judgment against Lake Forest and, alternatively, asked for judgment on the pleadings in the amount of $3.5 million, plus interest. *See* Ex. 6, Default Motion, attached hereto. The basis for the default was that Lake Forest's two previous attorneys had withdrawn and, despite the Court's admonition, Lake Forest had not obtained substitute counsel. Between the time that General Chain filed the motion and the presentment date of the motion, Lake Forest retained its third set of lawyers, who filed an appearance on behalf of Lake Forest. In light of new counsel's appearance, the Court denied General Chain's motion for default judgment, but ordered Lake Forest to respond to General Chain's request for judgment on the pleadings. *See* Ex. 7, April 17, 2008 Order, attached hereto.

Chain on Count I in the amount of $4,981,512.33, plus $2,268.49 per day from April 14, 2008 through the date of judgment and Count II in the amount of $708,475.34, plus $195.89 per day from April 14, 2008 through the date of judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

**I.    General Chain Lent $3.5 Million to Lake Forest.**

**A.    Loan Agreement 1.**

Between August and October 2005, Lake Forest and French solicited General Chain (the retired Commander-In-Chief of the United States Strategic Air Command) to loan $3.5 million to Lake Forest in connection with a real estate development project in the Bahamas known as Royal Island.  Specifically, on or about August 11, 2005, General Chain and Lake Forest entered into a loan agreement ("Loan Agreement 1") pursuant to which General Chain agreed to loan Lake Forest $3 million, plus interest of 20% per annum, plus a default rate of interest of an additional 3% per annum.  (Ex. 8, Complaint ¶¶ 19-20.)  Lake Forest agreed to repay the $3 million on or before August 14, 2006.  (Ex. 8, ¶ 20.)  Lake Forest also agreed to provide General Chain with a standard home lot on Royal Island as an additional payment.  (Ex. 8, ¶ 19.)

Lake Forest has not repaid any of the $3 million and is in default under its financial obligations under Loan Agreement 1.  (Ex. 8, ¶¶ 24, 28, 32.)   Lake Forest also has not provided General Chain with a home lot on Royal Island.  (Ex. 8, ¶¶ 33.)

**B.    Loan Agreement 2.**

In addition to Loan Agreement 1, on or about October 26, 2005, General Chain and Lake Forest entered into another loan agreement ("Loan Agreement 2"), pursuant to which General Chain lent another $500,000 to Lake Forest.  (Ex. 8, ¶¶ 21-22.)  Lake

Forest agreed to repay the $500,000 by January 26, 2006, plus 10% interest for the 90-day period of the loan and an additional 3% interest per annum in the event of Lake Forest's default.  (Ex. 8, ¶ 22.)  In addition, Lake Forest agreed to provide General Chain with another standard lot on Royal Island.  (Ex. 8, ¶ 21.)  Lake Forest failed to repay any of the $500,000 to General Chain.  (Ex. 8, ¶¶ 23, 28, 38.)  Nor has Lake Forest provide General Chain a second lot on Royal Island.  (Ex. 8, ¶ 39.)

**C.     General Chain Files Suit.**

On November 7, 2007, General Chain filed this lawsuit against Lake Forest, among others.  (Ex. 8)  Through his lawsuit, General Chain seeks two things.  First, General Chain seeks repayment of the $3.5 million he lent Lake Forest, plus the agreed upon interest. (Ex. 8, *passim.*)  Second, General Chain seeks the value of the lots on Royal Island that Lake Forest promised to General Chain, but failed to deliver. (Ex. 8, *passim.*)

On February 12, 2008, Lake Forest answered the complaint.  *See* Ex. 9, Answer attached hereto.  In its answer, Lake Forest admits that it owes General Chain $3.5 million, plus interest under Loan Agreements 1 and 2.  (Ex. 9, ¶¶ 32, 38.)  Lake Forest only disputes that it owes any amounts to General Chain for the two home lots on Royal Island, claiming that the condition precedent for its obligation to provide the lots has not been satisfied.  (Ex. 9, ¶¶ 19, 21.)

On April 14, 2008, based on Lake Forest's admissions that they owe $3.5 million, plus interest, to General Chain pursuant to Loan Agreements 1 and 2, General Chain moved for partial judgment on the pleadings.  Significantly, General Chain did not seek judgment on the pleadings relating to the value of the home lots.[2]  The Court granted

---

[2]General Chain did seek judgment relating to the value of the home lots solely in connection with its motion for default judgment.  As noted above, however, because Lake Forest

Lake Forest until May 1, 2008 to respond to the portion of General Chain's default motion seeking partial judgment on the pleadings.

On May 1, 2008, rather than file a response to General Chain's motion for judgment on the pleadings, Lake Forest filed a response to General Chain's previously-filed motion for summary judgment that the Court already had denied without prejudice. *See* Ex. 10, Jan. 3, 2008 Order, attached hereto.[3]  Nevertheless, General Chain submits this Reply to the extent this Court were to treat Lake Forest's response to a non-existent motion for summary judgment as its response to General Chain's motion for judgment on the pleadings.[4]

## ARGUMENT

### I.    General Chain Only Seeks Judgment for the $3.5 million, plus interest, that Lake Forest admits it owes General Chain and Does <u>Not</u> Seek Judgment With Respect to Lake Forest's Promise to Provide Two Lots on Royal Island.

The sole basis for Lake Forest's opposition is their claim that it does not owe General Chain any lots on Royal Island and that the amount of damages relating to the value of those lots is in dispute.  Lake Forest's argument is irrelevant.  Through his motion for partial judgment on the pleadings, General Chain <u>only</u> seeks judgment in the

---

obtained substitute counsel, the Court denied General Chain's request for a default judgment against Lake Forest.

[3]As the Court will recall, before Lake Forest even answered the complaint, General Chain filed a motion for summary judgment.  At the initial setting on that motion, Lake Forest's first attorney advised that Lake Forest had not yet answered the complaint.  The Court said that it would not entertain a motion for summary judgment until the parties were at issue.  Accordingly, the Court denied General Chain's motion for summary judgment without prejudice.  *See* Ex. 10.

[4] General Chain notes that even if General Chain's original motion for summary judgment was the motion at issue, Lake Forest's response still would be deficient because its Rule 56.1 statement relies solely upon its answer, which, of course is plainly insufficient.  *See Shermer v. Illinois Dept. of Transp*., 171 F.3d 475, 477 (7th Cir. 1999) ("It is well-settled, however, that the non-moving party may not rest only upon the allegations set forth in the pleadings, but must come forward with specific facts sufficient to raise a genuine issue for trial.")

amount of money he lent Lake Forest and which Lake Forest admits it has not repaid and owes to General Chain.  *See* Ex. 9, ¶¶ 36, 38.  Indeed, in addition to its answer, Lake Forest admits in its papers submitted with its Response, that as of December 20, 2007, Lake Forest owed General Chain $4,722,904.11 of principal and interest on Loan Agreement 1, and will owe an additional $2,268.47 per day in connection with Loan Agreement 1.  *See* Ex. 11, Lake Forest's Response to General Chain's 56.1 Statement, ¶ 17.  Likewise, Lake Forest admits that as of December 20, 2007, Lake Forest owed General Chain $686,143.84 of principal and interest on Loan Agreement 2, and will owe an additional $195.89 per day in connection with Loan Agreement 2.  *Id.* at ¶ 18.[5]  Simply, there is no dispute that Lake Forest owes at least the principal and interest on Loan Agreements 1 and 2 and it is of no moment to the instant motion that other matters relating to lots on Royal Island are in dispute.

**II.      The Court Can and Should Enter Partial Judgment on Counts I and II.**

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  "A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss." *U.S. v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991) (affirming judgment on the pleadings for plaintiff).

"Judgment on the pleadings is appropriate when, after the pleadings are closed, the court determines that there is no material issue of fact presented and that one party clearly

---

[5]The amounts Lake Forest admits it owed General Chain as of December 20, 2005, plus the per diem interest, are precisely the same amounts identified in Ex. 5 to General Chain's motion.

5

is entitled to judgment." *Regency Financial Corp. v. Meziere,* No. 90 C 428, 1990 WL

103247, *2 (N.D. Ill. July 16, 1990) (granting partial judgment on the pleadings for

plaintiff on loan agreements where defendants admitted the material allegations of

plaintiff's complaint). "For purposes of determining whether a material issue of fact

exists, uncontested allegations to which the parties had an opportunity to respond are

taken as true." *Id. citing Flora v. Home Federal Sav. And Loan Ass'n*, 685 F. 2d 209, 211

(7th Cir. 1982) (affirming judgment on the pleadings).

   The Court should grant partial judgment on the pleadings where certain portions of

plaintiffs' complaint are uncontested. The remaining matters should be reserved for trial.

*See, e.g., UniCapital Funding Corp. v. Foxley,* No. 02 C 2685, 2002 WL 31455979, *3-4

(N.D. Ill. Oct. 31, 2002) (granting partial judgment on the pleadings where defendant

admitted he executed the loan guaranty); *Standard Car Truck Co. v. Consolequip, Inc.,*

No. 00 C 5952, 2001 WL 1665221, *2 (N.D. Ill. Dec. 27, 2001) (granting partial judgment

on the pleadings where defendant admitted the material allegations of plaintiff's

complaint).

   This case is similar to *Sullivan v. Rilling,* No. 94 C 539, 1994 WL 684767, *10

(N.D. Ill. Dec. 6, 1994) (granting judgment on the pleadings for plaintiff as to one loan

only and reserving the remainder for trial). In *Sullivan*, plaintiff sued multiple defendants

for breach of contract and breach of fiduciary duty stemming from various loans and

investments between the parties. *Id.* at *1. One defendant answered, admitted the

veracity of one of the loans and contested certain others. *Id.* at *3. Thereafter, plaintiff

moved for judgment on the pleadings as to that defendant only. *Id.* at *7. Like here,

defendant, in opposition to plaintiff's motion, argued that certain conditions precedent

6

excused defendant's default on the loan.  *Id*. at *10.  The Court disagreed, finding defendant's argument a *non sequitur*, and entered judgment on the pleadings as to that single loan only and reserved the remaining issues for trial.  *Id.* at *11.

*Regency Financial Corp. v. Meziere, supra,* No. 90 C 428, 1990 WL 103247, *2 (N.D. Ill. July 16, 1990) is also illustrative.  In *Regency Financial*, plaintiff filed suit against various defendants stemming from a loan default.  *Id.* at *1.  Defendants admitted the loan in question was in default but certain defendants challenged their guaranty liability. *Id.* at *1-2.  The Court entered judgment on the pleadings against those defendants who admitted executing the documents and reserved the disputed facts for trial.  *Id.* at *6.  As in *Regency Financial*, General Chain is entitled to a partial judgment on the pleadings.

Here, in its answer, Lake Forest admitted that it entered into the Loan Agreements at issue (Ex. 9, ¶¶ 19, 22), that General Chain lent Lake Forest $3.5 million (Ex. 9, ¶¶ 31, 37), that Lake Forest had not repaid any amounts to General Chain (Ex. 9, ¶¶ 23, 24) and the Lake Forest and French breached the Loan Agreements by failing to repay all amounts due General Chain.  (Ex. 9, ¶¶ 32, 38.)  In addition, in its responsive papers, Lake Forest admits that it owes General Chain approximately $5 million on Loan Agreement 1 and approximately $700,000 on Loan Agreement 2.  (Ex. 11, ¶¶ 17-18.)   While Lake Forest disputes that it owes General Chain any amounts for the promised lots, that argument is wholly irrelevant to General Chain's motion for partial judgment on the pleadings. Accordingly, the Court should enter partial judgment on the pleadings in the amount set forth in Exhibit 5, attached to General Chian's Motion (which is attached hereto as Exhibit

7), which is a spreadsheet detailing the amount of principal and interest due under Loan
Agreements 1 and 2 using the per diem numbers admitted by Lake Forest.

## **CONCLUSION**

Based on the foregoing and for the reasons set forth in General Chain's motion
filed on April 14, 2008, the Court should : (1) enter judgment on the pleadings in favor of
General Chain and against Lake Forest on Count I in the amount of $4,981,512.33, plus
per diem interest of $2,268.49 from April 14, 2008 until the date of the entry of judgment;
and (2) enter judgment on the pleadings in favor of General Chain and against Lake Forest
on Count II of the complaint in the amount of $708,475.34, plus per diem interest of
$195.89 from April 14, 2008 until the date of the entry of judgment and set the remaining
issues for trial.

Dated: May 15, 2008                              GENERAL JOHN T. CHAIN, JR.


                                                 By: /s/ Henry M. Baskerville
                                                        One of His Attorneys

Jonathan M. Cyrluk (ARDC#6210250)
Henry Baskerville (ARDC#6285712)
STETLER & DUFFY, LTD.
11 South LaSalle Street, Suite 1200
Chicago, Illinois  60603
Phone: 312-338-0200
Fax:    312-338-0070
cyrlukj@stetlerandduffy.com
hbasker@stetlerandduffy.com

## <u>CERTIFICATE OF SERVICE</u>

I, Henry M. Baskerville, an attorney, certify under penalty of perjury that I caused a copy of the Plaintiff's Reply in Support of His Motion for Judgment on the Pleadings to be served on:

> Louis D. Bernstein
> Lorne T. Saeks
> Christopher J. Petelle
> MUCH SHELIST DENENBERG AMENT &
> RUBENSTEIN, P.C.
> 191 N. Wacker Drive, Suite 1800
> Chicago, IL 60606
> (312) 521-2000
> lbernstein@muchshelist.com
> lsaeks@muchshelist.com
> cpetelle@muchshelist.com

via the Court's CM/ECF online filing system, and

> Scott Weissman
> 3238 North Lakewood
> Chicago, IL 60657

by U.S. Mail, First Class Postage Prepaid, this 15th day of May, 2008.

>   /s/ Henry M. Baskerville
> Henry M. Baskerville