# Exhibit 11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GENERAL JOHN T. CHAIN, JR., | ) | |
| (USAF, Retired), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 6317 |
| | ) | |
| v. | ) | Honorable Ronald A. Guzman |
| | ) | |
| LAKE FOREST PARTNERS, LLC, | ) | |
| A Nevada Corporation; CHRISTOPHER | ) | |
| T. FRENCH, ALBERT J. MONTANO | ) | |
| and MARK D. WEISSMAN, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS LAKE FOREST PARTNERS, LLC AND CHRISTOPHER T. FRENCH'S
ANSWERS TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS
FOR WHICH THERE IS NO GENUINE ISSUE AND THAT
<u>ENTITLE PLAINTIFF TO SUMMARY JUDGMENT</u>**

Defendants Lake Forest Partners, LLC and Christopher T. French, by and through their attorneys, submit their Answers to Plaintiff's Statement of Material Facts For Which There Is No Genuine Issue and that Entitle Plaintiff to Summary Judgment.

## <u>PARTIES</u>

1.      Plaintiff General John T. Chain, Jr. resides in Fort Worth, Texas and is a citizen of Texas. General Chain is 73 years old and is a retired United States Air Force General whose military career spanned 34 years and included servicing as the Commander-In-Chief of the United States Strategic Air Command. (Ex. 1, ¶ 1.)

**ANSWER**:     Admitted.

2.      Defendant Lake Forest Partners, LLC ("Lake Forest") is a Nevada corporation, with its principal place of business in Lake Forest, Illinois. For diversity purposes, Lake Forest is a citizen of Nevada and Illinois.

**ANSWER**:    Denied that Defendant Lake Forest Partners, LLC is a Nevada

Corporation, and that Lake Forest is a citizen of Nevada. (LFP Answer, ¶9)  Except as denied,

admitted.

3.      Defendant French resides in Fontana, Wisconsin and is a citizen of Wisconsin. At all times material to this lawsuit, French was a Principal of Lake Forest.

**ANSWER**:    Admitted.

### JURISDICTION AND VENUE

4.      This is a civil action in which the United States District Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a) because Plaintiff and the Defendants are citizens of different states and because the amount in controversy exceeds $75,000.

**ANSWER**:    Admitted.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(a) because Defendants Lake Forest and certain other Defendants reside in this judicial district and a substantial portion of the events or omissions giving rise to General Chain's claims occurred in this judicial district.

**ANSWER**:    Admitted.

### FACTUAL BACKGROUND

6.      In or about August 2005, Lake Forest solicited General Chain for an investment in the development of a collection of three uninhabited islands located in the Commonwealth of the Bahamas known as "Royal Island" (the three islands are referred to herein collectively as the "Island"). (Ex. 1, ¶ 3.)

**ANSWER**:    Denied that Lake Forest in any way solicited General Chain for an

investment, capital, or other form of involvement.  (Answer, ¶18)

7.      Lake Forest asked General Chain to make an initial loan of $3 million to Lake Forest. (Ex. 1, ¶ 4.)

**ANSWER**:    Denied that Lake Forest requested that General Chain make an initial loan

of $3 million.  (Answer, ¶18)

8.      On or about August 11, 2005, General Chain agreed to loan $3 million to Lake Forest pursuant to the terms a Loan Agreement ("Loan Agreement 1"). Pursuant to Loan Agreement 1, Lake Forest agreed to repay the $3 million loan amount, plus interest of twenty percent (20%) per annum, on or before August 14, 2006. In the event of default, Lake Forest

2

agreed to pay an additional 3% rate of interest on the outstanding amount of the loan. Loan Agreement 1 also provided that General Chain would receive a home building site on the Island worth between $2 million and $3 million. (Ex. 1, ¶ 5.)

    **ANSWER**:    Denied. (Answer, ¶19; Ex. 1, ¶7)


9.    Defendant French guaranteed Lake Forest's obligations under Loan Agreement 1. (Ex. 1, ¶ 6.)

    **ANSWER**:    Denied. (Answer, ¶20; Ex. 1, p1)


10.    Between August 10 and October 25, 2005, Lake Forest asked General Chain to loan additional sums to Lake Forest. Like the first loan, in addition to interest on the principal amount of the loan, Lake Forest agreed to provide General Chain another parcel of land on the Island. (Ex. 1, ¶ 7.)

    **ANSWER**:    Denied that Lake Forest solicited Chain to loan additional sums to Lake

Forest, and denied that Lake Forest agreed to provide General Chain with a parcel of land.

(Answer, ¶21)


11.    On or about October 26, 2005, General Chain loaned an additional $500,000 to Lake Forest pursuant to the terms of a Loan Agreement ("Loan Agreement 2"). Under the terms of Loan Agreement 2, Lake Forest agreed to repay the $500,000 loan amount, plus interest of ten percent per **[sic]** (10%) for a 90-day period, on or before January 26, 2006. In the event of default, Lake Forest agreed to pay an additional 3% rate of interest on the outstanding amount. Loan Agreement 2 also provided that General Chain would receive a home building site on the Island worth between $2 million and $3 million. (Ex. 1, ¶ 8.)

    **ANSWER**:    Denied. (Answer, ¶22; Ex. 2, ¶7)


12.    Defendant French guaranteed Lake Forest's obligations under Loan Agreement 2. (Ex. 1, ¶ 9.)

    **ANSWER**:    Denied. (Answer, ¶22; Ex. 2, p1)


13.    On January 26, 2006, Lake Forest defaulted on its obligations to repay General Chain $500,000, plus interest, as set forth in Loan Agreement 2. (Ex. 1, ¶ 10.)

3

**ANSWER**: Lake Forest admits that as of January 26, 2006, the amount of $500,000, plus interest remained unpaid.

14. On August 14, 2006, Lake Forest defaulted on its obligations to repay General Chain $3 million, plus interest, as set forth in Loan Agreement 1. (Ex. 1, ¶ 11.)

**ANSWER**: Lake Forest admits that as of August 14, 2006, the amount of $3 million, plus interest remained unpaid.

15. General Chain demanded that Defendants Lake Forest and French perform their obligations under the Loan Agreements 1 and 2. (Ex. 1, ¶ 12.)

**ANSWER**: Admitted.

16. Defendants Lake Forest and French have not paid any amounts due and owing pursuant to Loan Agreements 1 and 2. (Ex. 1, ¶ 14.)

**ANSWER**: Admitted that Lake Forest and French have not paid any amounts pursuant to Loan Agreements 1 and 2. Denied that the amounts specified in the complaint and the motion for summary judgment are accurate. (Answer, ¶19, 21, 22)

17. As of December 20, 2007, Defendants Lake Forest and French owe $4,722,904.11 of principal and interest on Loan Agreement 1. In addition, Lake Forest and French will owe an additional $2,268.49 per day in interest on the amounts due under Loan Agreement 1. (Ex. 2, ¶ 3.)

**ANSWER**: Admitted.

18. As of December 20, 2007, Defendants Lake Forest and French owe $686,143.84 of principal and interest on Loan Agreement 2. In addition, Lake Forest and French will owe an additional $195.89 per day in interest on the amounts due under Loan Agreement 2. (Ex. 2, ¶ 4.)

**ANSWER**: Admitted.

19. Lake Forest and French have not provided General Chain with any lot on the Island. (Ex. 1, ¶ 14.)

4

**ANSWER**:   Admitted that Lake Forest and French have not provided Chain with a lot, and denied that any lots are due and owing.

### DEFENDANTS LAKE FOREST PARTNERS, LLC AND CHRISTOPHER T. FRENCH'S COUNTER-STATEMENT OF MATERIAL FACTS THAT REFUTE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendants Lake Forest Partners, LLC and Christopher T. French, by and through their attorneys, submit their Answers to Plaintiff's Statement of Material Facts For Which There Is No Genuine Issue and that Entitle Plaintiff to Summary Judgment.

1. In the document entitled "Loan Agreement" dated August 11, 2005, paragraph 7 states that: "Once the acquisition of Royal Island is achieved, then the Lender will Receive a home building site (worth a list price of $2 to $3 Million) as Additional interest return. The site shall be a "standard" site as defined in the Purchase and Sale Agreement." (Ex. 1, ¶7)

    **ANSWER**:

2. That term contains a condition precedent, whereby General Chain only became entitled to a "building site" as "additional interest" when the acquisition of Royal Island was achieved. (Ex. 1, ¶7)

    **ANSWER**:

3. In the document entitled "Loan Agreement" dated October 26, 2005, paragraph 7 states that: "Once the acquisition of Royal Island is achieved, then the Lender will Receive a

5

home building site (worth a list price of $2 to $3 Million) as Additional interest return. The site shall be a "standard" site as defined in the Purchase and Sale Agreement." (Ex. 2, ¶7)

**ANSWER**:

4. That term contains a condition precedent, whereby General Chain only became entitled to a "building site" as "additional interest" when the acquisition of Royal Island was achieved. (Ex. 2, ¶7)

**ANSWER**:

5. Lake Forest Partners, LLC never acquired Royal Island. (Answer, ¶46)

**ANSWER**:

6. Chain has no right to a "building site" under the document entitled "Loan Agreement" dated August 11, 2005. (Ex. 1, ¶7)

**ANSWER**:

7. Chain has no right to a "building site" under the document entitled "Loan Agreement" dated October 26, 2005. (Ex. 2, ¶7)

**ANSWER**:

                                         LAKE FOREST PARTNERS, LLC AND
                                         CHRISTOPHER T. FRENCH


                                         /s/ Christopher J. Petelle
                                         One of Their Attorneys

Louis D. Bernstein (ARDC # 6192379)
Lorne T. Saeks (ARDC #6207595)
Christopher J. Petelle (ARDC #6287082)
**MUCH SHELIST DENENBERG AMENT & RUBENSTEIN, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 521-2000

7

## CERTIFICATE OF SERVICE

   I, Christopher J. Petelle, an attorney, certify that, on this 1st day of May 2008, I electronically filed **DEFENDANTS LAKE FOREST PARTNERS, LLC, AND CHRISTOPHER T. FRENCH'S ANSWERS TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS FOR WHICH THERE IS NO GENUINE ISSUE AND THAT ENTITLE PLAINTIFF TO SUMMARY JUDGMENT**, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

Jonathan M. Cyrluk<br>
Mariah E. Moran<br>
Stetler & Duffy, Ltd.<br>
11 South LaSalle Street<br>
Suite 1200<br>
Chicago, IL 60603

               /s/ Christopher J. Petelle

# EXHIBIT 1

## LOAN AGREEMENT

This Loan Agreement is made and executed this 11th day of August, 2005 by and among John F. Chain, IV, residing at 042 Spring Creek Lane, Edwards, Colorado 81652, hereinafter "Lender", Mark D. Weissman, individually, hereinafter referred to as "Weissman", Albert J. Montano, individually, hereinafter referred to as "Montano", Christopher T. French, individually, hereinafter referred to as "French", and collectively as Lake Forest Partners, LLC, Hereinafter referred to as "LFP".

RECITALS:

WHEREAS Lender is willing to loan LFP Three Million and no/100 Dollars ($3,000,000.00) and Lake Forest Partners, LLC is desirous of borrowing Three Million and no/100 Dollars ($3,000,000.00) from Lender.

WHEREAS LFP agrees to repay Lender said Three Million and no/100 Dollars ($3,000,000.00) pursuant to the terms and conditions set forth below.

WHEREAS as an inducement for Lender to loan LFP Three Million and no/100 Dollars ($3,000,000.00) so LFP can use such monies to fund the partnership activities to include aspects of Royal Island marketing and development; Weissman, Montano and French hereby guarantee the payment of such amount in full, including principal and interest as set forth below.

NOW THEREFORE, THE PARTIES AGREE AS FOLLOWS:

1. The recitals set forth above are hereby incorporated by reference and made a part hereof as if fully rewritten herein.

2. Lender will, upon execution of this Agreement, loan LFP $3,000,000.00 (the "Loan"). LFP agrees to repay the Loan plus Interest set at 20% for the term of the Loan (the "Interest") pursuant to the terms set forth herein.

3. The parties hereto acknowledge and agree that the Loan is unsecured. However, Weissman, Montano and French hereby personally, irrevocably, absolutely, unconditionally, jointly and severally guarantee the timely repayment of the Loan plus the Interest due on the Loan and any collection costs incurred by Lender in collecting any such amounts.

4. This Loan Agreement is a legal agreement, intended to be binding upon each of the parties hereto.

5. The term of the Loan shall be for 1 year from the date hereof, due and payable in full plus Interest on or before August 14, 2006.

6. In the event of default, interest shall be payable on the outstanding amount of the Loan at the Interest rate plus three percent (3%).

7. Once the acquisition of Royal Island is achieved, then the Lender will Receive a home building site (worth a list price of $2 to $3 Million) as Additional interest return. The site shall be a "standard" site as defined in the Purchase and Sale Agreement.

8.  LFP promises to pay all costs of collection in case payment shall not be made at maturity; and further promises, in case suit is instituted to collect the loan or the interest, or any portion thereof to pay such reasonable attorney's fees in such suit.

9.  This Loan Agreement shall be interpreted in accordance with Illinois law without regard to the provisions of the conflicts of law.

10. Weissman's address for purposes of any notifications shall be 3238 North Lakewood, Chicago, IL 60659, Telephone 773-348-0639. Montano's address for notifications shall be 249 Market Square, Lake Forest, IL 60045. Office telephone 847-234-3434. French's address for notification shall be c/o Tec Development International, 27 North Wacker Drive, Suite 410, Chicago, IL 60606. Telephone 773-320-9530. LFP is the same as Montano's.

11. Wiring instructions: Lake Forest Partners LLC , Harris Bank, 824 North Western Ave., Lake Forest, IL 60045. ABA # 071025661 Account # 2910373329.

12. This Loan Agreement constitutes the entire agreement among the parties hereto pertaining to the subject matter contained herein and may not be altered or amended or nor may any provision hereof be waived except by an agreement in writing executed by each of the parties hereto.

In witness whereof, the undersigned have executed this Agreement as of the date set forth above.

Case 1:07-cv-06317    Document 22-2    Filed 12/20/2007    Page 9 of 21

By _____  By _____
John T. Chain, Jr.                    Albert J. Montano


By _____  By _____
Mark D. Weissman                    Christopher T. French


By _____
Lake Forest Partners, LLC, Managing Member

File: Chain Loan agreement final clean1

# EXHIBIT 2

# LOAN AGREEMENT

This Loan Agreement is made and executed this 26th day of Oct, 2005 by and among John T. Chain, Jr. residing at 142 Spring Creek Lane, Edwards, Colorado 81652, hereinafter "Lender", Mark D. Weissman, individually, hereinafter referred to as "Weissman", Albert J. Montano, individually, hereinafter referred to as "Montano", Christopher T. French, individually, hereinafter referred to as "French", and collectively as Lake Forest Partners, LLC, Hereinafter referred to as "LFP".

RECITALS:

WHEREAS Lender is willing to loan LFP Five Hundred Thousand and no/100 Dollars ($500,000.00) and Lake Forest Partners, LLC is desirous of borrowing Five Hundred Thousand and no/100 Dollars ($500,000.00) from Lender.

WHEREAS LFP agrees to repay Lender said Five Hundred Thousand and no/100 Dollars ($500,000.00) pursuant to the terms and conditions set forth below.

WHEREAS as an inducement for Lender to loan LFP Five Hundred Thousand and no/100 Dollars ($500,000.00) so LFP can use such monies to fund the partnership activities to include aspects of Royal Island marketing and development; Weissman, Montano and French hereby guarantee the payment of such amount in full, including principal and interest as set forth below.

NOW THEREFORE, THE PARTIES AGREE AS FOLLOWS:

1. The recitals set forth above are hereby incorporated by reference and made a part hereof as if fully rewritten herein.

2. Lender will, upon execution of this Agreement, loan LFP $500,000.00 (the "Loan"). LFP agrees to repay the Loan plus Interest set at 10% for the term of the Loan (the "Interest") pursuant to the terms set forth herein.

3. The parties hereto acknowledge and agree that the Loan is unsecured. However, Weissman, Montano and French hereby personally, irrevocably, absolutely, unconditionally, jointly and severally guarantee the timely repayment of the Loan plus the Interest due on the Loan and any collection costs incurred by Lender in collecting any such amounts.

4. This Loan Agreement is a legal agreement, intended to be binding upon each of the parties hereto.

5. The term of the Loan shall be for 90 days from the date hereof, due and payable in full plus Interest on or before Jan. 26, 2006.

6. In the event of default, interest shall be payable on the outstanding amount of the Loan at the Interest rate plus three percent (3%).

7. Once the acquisition of Royal Island is achieved, then the Lender will Receive a home building site (worth a list price of $2 to $3 Million) as Additional interest return. The site shall be a "standard" site as

defined in the Purchase and Sale Agreement.

8. LFP promises to pay all costs of collection in case payment shall not be made at maturity; and further promises, in case suit is instituted to collect the Loan or the interest, or any portion thereof, to pay such reasonable attorney's fees in such suit.

9. This Loan Agreement shall be interpreted in accordance with Illinois law without regard to the provisions of the conflicts of law.

10. Weissman's address for purposes of any notifications shall be 3238 North Lakewood, Chicago, IL 60659, Telephone 773-348-0639. Montano's address for notifications shall be 249 Market Square, Lake Forest, IL 60045. Office telephone 847-234-3434. French's address for notification shall be c/o Tec Development International, 27 North Wacker Drive, Suite 410, Chicago, IL 60606. Telephone 773-320-9530. LFP is the same as Montano's.

11. Wiring instructions: Lake Forest Partners LLC, Harris Bank, 824 North Western Ave., Lake Forest, IL 60045. ABA # 071025661 Account # 2910373329.

12. This Loan Agreement constitutes the entire agreement among the parties hereto pertaining to the subject matter contained herein and may not be altered or amended or nor may any provision hereof be waived except by an agreement in writing executed by each of the parties hereto.

In witness whereof, the undersigned have executed this Agreement as of the date set forth above.

By _____
Lender

By _____
Albert J. Montano

By _____
Mark D. Weissman

By _____
Christopher T. French

By _____
Lake Forest Partners, LLC, Managing Member