THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GENERAL JOHN T. CHAIN, JR. ) (USAF, Retired), ) ) | | |
| Plaintiff, ) ) | Case No. 07 C 6317 | |
| v. ) ) ) | Honorable Ronald A. Guzman | |
| LAKE FOREST PARTNERS, LLC, ) a Nevada Corporation; CHRISTOPHER ) T. FRENCH, ALBERT J. MONTANO ) and MARK D. WEISSMAN, M.D., ) ) | | |
| Defendants. ) | | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS
LAKE FOREST PARTNERS AND CHRISTOPHER FRENCH
TO COMPLY WITH THE COURT'S ORDER OF APRIL 17, 2008**

Plaintiff General John T. Chain, Jr. ("General Chain"), by his attorneys, respectfully requests the Court to enter an order compelling Defendants Lake Forest Partners, LLC ("Lake Forest") and Christopher T. French ("French") to comply with the Court's Order dated April 17, 2008, and respond to General Chain's written discovery requests (the "Motion"). In support of his Motion, General Chain states as follows:

**INTRODUCTION**

1. This case is a straightforward collection action. Pursuant to two loan agreements, General Chain lent a total of $3.5 million to Lake Forest. In return, Lake Forest and French promised to repay the $3.5 million, plus interest, and provide two home lots each with a value between $2 million and $3 million on an island ("Royal Island") in the Bahamas in connection with a real estate development project in which Lake Forest has an interest. Lake Forest and French breached their agreements and have not repaid

any amounts to General Chain and has not provided General Chain with the promised home lots. As result, General Chain filed the instant lawsuit on November 7, 2007.

2. For approximately seven months, Lake Forest and French have focused their efforts on one task – delaying the inevitable entry of a multi-million dollar judgment against them. It took Lake Forest and French *97 days* to file a responsive pleading to a 10-page, three-count complaint. They have further delayed this matter by switching attorneys on two occasions. Finally, despite the Court's Order dated April 17, 2008, pursuant to which the Court granted Lake Forest and French a 30-day extension to answer General Chain's written discovery and produce <u>all</u> responsive documents, Defendants have caused further delay and have not fully and completely responded to written discovery. Therefore, General Chain brings this motion to compel Lake Forest and French to comply with this Court's Order, and provide complete interrogatory responses and produce all requested documents.

## BACKGROUND FACTS

**I.    Lake Forest and French Solicit General Chain.**

3. Between August and October 2005, Lake Forest and French solicited General Chain (the retired Commander-In-Chief of the United States Strategic Air Command) to loan $3.5 million to Lake Forest in connection with a real estate development project in the Bahamas. Pursuant to two loan agreements, General Chain lent $3.5 million to Lake Forest. Lake Forest and French agreed to repay $500,000, plus interest, by January 26, 2006 and $3 million, plus interest, by August 14, 2006. In addition, Lake Forest promised to provide General Chain with two lots on Royal Island, each with a value between $2 million and $3 million.

4.      Despite repeated promises and assurances, Lake Forest and French have not repaid any amounts to General Chain and did not provide General Chain with any of the promised lots on Royal Island. As a result on November 7, 2007, General Chain initiated this action against Lake Forest and French to collect all amounts due and owing. Lake Forest and French were served on November 16, 2007 and November 20, 2007, respectively.

## II.    Lake Forest and French Have Delayed This Case.

5.      Since the filing of this case, Lake Forest and French's sole strategy has been to delay. Lake Forest and French initially were represented by attorney John Riccione. After their answer date had already passed, on behalf of Lake Forest and French, Mr. Riccione sought and received an extension of time to respond to the complaint until January 28, 2008 (*i.e.*, a 48-day extension). *See* Docket Nos. 13 and 15. On January 28, 2008, the date that Lake Forest and French were supposed to respond to the complaint, Mr. Riccione filed a motion to withdraw as counsel to Lake Forest and French (the "First Motion to Withdraw") and for another 30-day extension of time to answer the complaint. The Court entered and continued the First Motion to Withdraw and allowed Lake Forest and French until February 11, 2008 to answer and find new counsel. *See* Docket No. 32. On February 11, 2008, attorneys at Foley filed a motion for leave to appear and file an answer on behalf of Lake Forest. *See* Docket No. 33. On February 12, 2008, again after the due date had passed, Lake Forest and French filed their Answer to the Complaint. *See* Docket No. 38.

6.      On March 10, 2008, General Chain timely issued document requests, interrogatories and requests for admission to Lake Forest. *See* Group Exhibit 1 attached

3

hereto. Pursuant to the Federal Rules of Civil Procedure, Lake Forest's discovery responses were due April 9, 2008. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), and 36(a)(3).

### III.  Lake Forest and French's Second Set of Lawyers Withdraw.

7.  On March 18, 2008, Foley filed a motion to withdraw its appearance (the "Second Motion to Withdraw") on behalf or Lake Forest and French. On March 20, 2008, Foley and counsel for General Chain appeared in Court on the Second Motion to Withdraw. The Court entered and continued the Second Motion to Withdraw until April 3, 2008. The Court directed Foley to advise both Lake Forest and French in writing that the Court would not extend either the due dates of outstanding discovery and the discovery cut-off date. The Court further instructed Foley to tell French that he was required to appear in Court on April 3 either in person or through new counsel. On March 21, 2008, Foley complied with the Court's directive.

8.  On April 3, 2008, the Court allowed Foley to withdraw, but neither French nor a new attorney for Lake Forest and/or French appeared in contravention of the Court's directive. *See* Docket No. 51.

9.  Lake Forest and French did not respond to General Chain's discovery requests by the April 9 due-date, including the requests for admissions.

10.  On April 14, 2008, General Chain moved for a default judgment against Lake Forest because Lake Forest had not obtained new counsel and a Corporation cannot appear *pro se*. General Chain also moved for judgment on the pleadings based on certain admissions in Lake Forest and French's answer.

**IV.     Lake Forest and French Engage Their Third Set Of Lawyers.**

11.     On April 17, 2008, at the initial hearing on General Chain's Motion for Default and Motion for Judgment on the Pleadings, Lake Forest and French appeared with their third set of attorneys, Messrs. Lorne Saeks and Christopher Petelle of Much, Shelist, Denenberg, Ament & Rubenstein, P.C. ("Much Shelist").

12.     Much Shelist asked the Court to vacate the admissions and allow Lake Forest and French additional time to respond to all of General Chain's discovery requests. The Court begrudgingly allowed Lake Forest and French one additional day to respond to the requests for admission. The Court also gave Lake Forest and French until May 18, 2008, an additional 32 days, to respond to General Chain's Interrogatories and Document Requests. The Court specifically stated that Lake Forest and French waived <u>all</u> objections to the Interrogatories and Document Requests. *See* Doc. 60.

13.     Much Shelist answered the Requests for Admission on behalf of Lake Forest and French. On May 19, 2008, Lake Forest and French served General Chain with their first rendition of Interrogatory Responses and Document Requests. These responses, however, were deficient for a variety of reasons. Primarily, in response to every single document request Lake Forest and French stated that: "Lake Forest and French will produce all responsive, non-privileged documents as are in their possession or control," but did not actually produce anything. In addition, many of their interrogatory responses were evasive and contradictory. *See* Exhibit 2.

14.     Consequently, in the morning of May 20, 2008, counsel for General Chain contacted counsel for Lake Forest and French to have the first of many "meet and confer" conferences to discuss the deficiencies in Lake Forest and French's responses. The parties

began to discuss the deficiencies with Defendants' discovery responses. Soon after commencing the "meet and confer" conference, however, Lake Forest and French's counsel stated that he was not prepared to discuss their deficient discovery responses, and asked General Chain's counsel to draft a letter describing the deficiencies about which General Chain was complaining. In an effort to compromise, General Chain's counsel set aside the majority of that day drafting a nine-page single spaced letter detailing the many deficient and evasive answers provided by Lake Forest and French. *See* Exhibit 3 attached hereto.

        15. The next day (May 21, 2008), General Chain's counsel contacted Lake Forest and French's counsel to discuss the contents of the letter and to attempt to have yet another "meet and confer" telephone conference. During this conference, Lake Forest and French's counsel represented that it agreed with many of General Chain's complaints and would provide supplemental answers by May 30, 2008. Lake Forest and French's counsel also represented that they were ready to produce the requested documents. Lake Forest and French made their initial production, but they were not able to produce French's emails, nor did they produce certain financial data requested by General Chain because it allegedly was being audited by Lake Forest's accountants.

        16. On May 29, 2008, one day before Lake Forest and French promised to supplement their answers to General Chain's discovery requests, Lake Forest and French's counsel contacted General Chain's counsel and stated that they wanted to discuss certain of General Chain's complaints.

        17. Therefore, on May 30, 2008, General Chain's counsel convened a third "meet and confer" conference regarding Defendants' Discovery Responses. Counsel for

Defendants stated that they believed certain of General Chain's discovery requests were objectionable. General Chain's counsel noted that Lake Forest and French were making these arguments for the first time on the very day the promised to supplement their prior responses, during what was no less then the third "meet and confer" conference. General Chain's counsel also reminded counsel that the Court ruled that Defendants had waived all objections.

18. Lake Forest and French's counsel agreed that they would supplement their responses by June 6, 2008 – a week after the initially promised supplementation date. Lake Forest and French's counsel also promised that the missing financial documentation would be produced shortly, and at the latest by the time they supplemented their other responses on June 6.

19. On June 6, 2008, Lake Forest and French served General Chain with their supplemented interrogatory responses. *See* Exhibit 4, attached hereto. Lake Forest and French did not produce any additional documents, including the requested financial information. After reviewing the supplementation, on June 9, 2008, General Chain's counsel contacted Lake Forest and French's counsel for a fourth "meet and confer" conference aimed at obtaining compliance with the Court's direct Order.

20. The parties convened their fourth "meet and confer" conference on June 10, 2008. Once again, both Messrs. Saeks and Petelle participated on behalf of Lake Forest and French. Once again, Lake Forest and French's counsel promised to produce the requested financial data. The parties agreed that Lake Forest and French would provide their second supplementation by June 12, 2008.

21.     On June 12, 2008, Lake Forest and French served General Chain with their third rendition of Interrogatory responses; their responses to General Chain's document requests remained unchanged.  *See* Exhibit 5, attached hereto.  Though they have twice supplemented their Interrogatory responses, Lake Forest and French's responses remain deficient.  Moreover, to date, Lake Forest and French still have not produced the financial documentation despite repeated assurances to the contrary.

## ARGUMENT

22.     On April 17, 2008, the Court ordered Lake Forest and French to provide responses to General Chain's discovery by May 18, 2008.  Since that time, Lake Forest and French have done everything possible to obfuscate and delay this matter.  General Chain, on the other hand, has done everything in its power to avoid bothering the Court, but Lake Forest and French refuse to cooperate.  Accordingly, Lake Forest and French should be ordered to obey the Court's April 17, 2008 Order, and provide General Chain with all requested documents and complete and non-evasive interrogatory answers.

**I.      Lake Forest and French Have Not Produced The Requested Financial Documents.**

23.     Written discovery has closed.  The parties are in the process of scheduling the depositions of French and General Chain.  To prepare for French's deposition, General Chain's counsel needs the financial data that it was promised months ago.

24.     General Chain served discovery requests that specifically requested this information.  *See* Ex. 1.  Lake Forest and French opted not to respond and thereby waived any objections to General Chain's requests.  The Court, therefore, ordered Lake Forest and French to produce this information within 30 days.

25. Lake Forest and French acknowledge that they have not produced all of the requested documents. Lake Forest and French repeatedly have promised to produce this information, yet they refuse to propose a date by which they will produce the financial statements. In their Interrogatory responses served on General Chain on May 19, 2008, Lake Forest and French stated: "Financial statements are currently in process by a Certified Public Accountant. Draft financial statements provided by Lake Forest's in-house accountant are being produced pursuant to the document production requests." General Chain has advised counsel for Lake Forest and French on many occasions that no financial statements were included in their document production. During each of the "meet and confer" conferences, counsel for Lake Forest and French assured General Chain that the financial documents would be forthcoming.

26. Nevertheless, despite repeated assurances to the contrary and although almost a month has passed since they served General Chain with the first rendition of discovery responses, Lake Forest and French have not produced the requested financial information. Lake Forest and French were served with General Chain's document requests, on March 10, 2008, ***98 days ago***. To date, Lake Forest and French have not supplemented their production to include financial statements; neither those created by "Lake Forest's in-house accountant," nor those that as of May 19, 2008 were, "in process by a Certified Public Accountant."

27. General Chain must have these documents to prepare for French's deposition. Lake Forest and French's failure to produce the requested financial documents has stalled the entire oral discovery process by forestalling French's deposition.

Therefore, the Court should order Lake Forest and French to comply with the Court's Order dated April 17, 2008 and produce all requested financial documentation.

## II. Lake Forest and French Have Not Answered General Chain's Interrogatories.

28. Despite this Court's direct Order, Lake Forest and French have not provided complete answers to General Chain's Interrogatories.

29. Many of General Chain's Interrogatories seek the factual basis for the assertions made in the answer filed by Lake Forest and French. In response to these Interrogatories, counsel for Lake Forest and French has repeatedly objected that General Chain is seeking attorneys mental impressions. Even leaving aside that Lake Forest and French have waived any objections, General Chain is entitled to the factual underpinnings of the assertions made in Defendants' answer.

30. In their Answer, Lake Forest and French contend that Lake Forest did not ask or solicit General Chain to make the initial loan of $3 million to Lake Forest. Interrogatory No. 9 asked Defendants for the factual basis of their assertion. In their first rendition of Interrogatory answers, Lake Forest and French stated that "[o]n information and belief John Borling solicited General Chian's participation; Lake Forest did not." Ex. 2, p. 4. During the meet and confer process, General Chain's counsel asked on behalf of whom did Mr. Borling solicit General Chain. *See* Ex. 3, ¶ 9. Rather than simply identify that Mr. Borling was working on behalf of Lake Forest, Defendant's supplemental response stated that, "John Borling had an agreement with Lake Forest whereby he agreed to help Lake Forest find individuals willing to make loans. In exchange, Borling received, *inter alia*, a contingent right to a lot on the Island." *See* Ex. 5, p 5. Lake Forest and

French's answer is evasive.  If Mr. Borling was working on behalf of Lake Forest, then Lake Forest solicited General Chain, and Defendants' assertions in their answer are wrong. When General Chain asked Defendants to clarify their response to his Interrogatory, counsel for Lake Forest and French stated that he believed the requested information was not important and therefore would not answer the Interrogatory.  Counsel fo rGeneral Chain reminded counsel that Lake Forest and French waived all objections.  Nevertheless, counsel for Lake Forest and French stated that they would stand on their answer.

   31. In response to Paragraph 21 of General Chain's complaint, Lake Forest and French asserted that "Chain offered to make an additional loan to Lake Forest for use by Lake Forest for its business activities, which included aspects of marketing and development on Royal Island."  Thus, in Interrogatory No. 10, General Chain asked for the complete factual basis for this assertion, including, "the date(s) of General Chain's offer(s), the person to whom the offer was allegedly made and whether the offer(s) were in writing or oral, and the terms of the offer(s)."  *See* Ex. 1, ¶ 10.  In response, Defendants provided none of the substance requested by General Chain.  Instead, Defendants merely stated that, "[a]s part of a verbal discussion between Chain and Montano, Chain agreed to make a loan after discussions regarding same with Montano." *See* Ex. 5, p. 5.  Lake Forest and French supplemented their original answer but again they did not provide any of the requested detail.  Rather, Lake Forest and French stated that, "Albert Montano initially solicited a second loan of $500,000 from General Chain.  General Chain offered to make that additional loan, and Lake Forest Partners accepted." Ex. 5, p. 6.  Neither

11

their original answer, nor the supplement is responsive to General Chain's interrogatory. General Chain is entitled to an answer to this straightforward Interrogatory.

33. In addition, other Interrogatories – such as Interrogatories Nos. 3, 4, 13, and 14 – request certain financial information from Lake Forest and French. In response, Lake Forest and French attempt to invoke Fed. R. Civ. P. 33(d) and direct General Chain to the financial documents in which he could find the information he was seeking. However, as referenced above, Lake Forest and French have not produced any financial documents. Moreover, Rule 33(d) requires greater specificity then given by Lake Forest

32. In their Second Affirmative Defense, Lake Forest and French contend that the loan agreements contain certain terms that are "indefinite, unclear, and do not provide the court with the means of determining the intent of the parties." In Interrogatories Nos. 16 and 18 General Chain sought to discover the factual basis for this assertion. In response to General Chain's Interrogatories, Lake Forest and French stated that the word "achieved" is undefined. *See* Ex. 5. However, during the fourth meet and confer conference, counsel for Lake Forest and French stated that there were other terms that they believed were, "indefinite, unclear, and do not provide the court with the means of determining the intent of the parties." General Chain's counsel asked for further supplementation, but Lake Forest and French did not provide a second supplement to their answers to Interrogatories Nos. 16 and 18. General Chain is entitled to know the basis for Defendants' Second Affirmative Defense and is entitled to know whether Lake Forest and French intend to argue that other terms in the loan agreements are, "indefinite, unclear, and do not provide the court with the means of determining the intent of the parties."

33. In addition, other Interrogatories – such as Interrogatories Nos. 3, 4, 13, and 14 – request certain financial information from Lake Forest and French. In response, Lake Forest and French attempt to invoke Fed. R. Civ. P. 33(d) and direct General Chain to the financial documents in which he could find the information he was seeking. However, as referenced above, Lake Forest and French have not produced any financial documents. Moreover, Rule 33(d) requires greater specificity then given by Lake Forest

and French.  Therefore, their attempted invocation of Rule 33(d) is without effect.  Defendants should be directed to answer Interrogatories Nos. 3, 4, 13, and 14.

34. Further, Defendants' answers are contradictory.  In their supplemented response to Interrogatory No. 4, Lake Forest and French stated that, "[a]ll funds lent by General Chain were used for Royal Island related projects."  *See* Ex. 5.  However, in response to Interrogatory No. 14, Lake Forest and French claimed that they were unable to stated whether any of General Chain's funds were used for non-Royal Island purposes.  *See* Ex. 5.  These two answers cannot co-exist.  Either all of General Chain's money was spent for Royal Island purposes or it was not.  Despite General Chain's requests for clarification, Lake Forest and French refused to explain this discrepancy.

35. Finally, Interrogatory No. 23 asked

> If any of your answers to any of Plaintiffs' Requests for Admission (Set 2) served on March 10, 2008, constitute anything other than an unqualified admission, state with particularity and in detail the complete factual basis for your refusal to give an unqualified admission.  Your answer should include, without limitation, an identification of every witness, document or other tangible item that supports your refusal to give an unqualified admission to the particular Request for Admission.  *See* Ex. 1, ¶ 23.

In their initial response, Lake Forest and French explained their refusal to admit to three Requests.  Lake Forest and French, however, did not give an unqualified admission to Requests Nos. 1, 2, 3, 9, 10, 11, 17, 18, 19, 22, and 23.  General Chain asked Lake Forest and French to supplement their answer to Interrogatory No. 23, but they refused.  General Chain is entitled to a complete answer to Interrogatory No. 23.

36. Accordingly, the Court should order Lake Forest and French to comply with the Court's April 17, 2008 Order and provide complete answers to General Chain's straightforward Interrogatories.

13

**III.     The Court Should Impose Sanctions Against Lake Forest and French.**

37.     Because of Lake Forest and French's refusal to abide by this Court's explicit directions and the passage of 98 days, General Chain respectfully requests this Court to Order Lake Forest and French to pay the General Chain's costs in obtaining compliance with the Court's April 17, 2008 Order, including legal fees.  Fed. R. Civ. P. 37(b) provides for a variety of remedies where, like here, a parties has failed to comply with a court order – specifically, Rule 37(b)(2)(C) provides:

> [T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(b)(2)(C).

**IV.     Certification Required by Rule 37.**

38.     Pursuant to Fed. R. Civ. P. 37, the undersigned certifies that he has sought to resolve this dispute informally on multiple occasions prior to seeking intervention by the Court.

(Remainder of page intentionally left blank)

WHEREFORE, for the foregoing reasons, General Chain respectfully moves this Honorable Court to enter an order providing the following relief:

a. Compel Lake Forest and French to comply with the Court's Order dated April 17, 2008 and provide complete responses to General Chain's interrogatories and document requests and to produce all requested financial documents;

b. Order Lake Forest and French to pay General Chain's reasonable expenses, including attorney's fees, incurred in obtaining compliance with the Court's Order pursuant to Fed. R. Civ. P. 37 (b)(2)(C); and

c. Whatever other relief the Court deems equitable and just under the circumstances.

Dated: June 16, 2008                    Respectfully submitted,

                                        GENERAL JOHN T. CHAIN, JR.


                                        By:    /s/ Henry M. Baskerville
                                               One of His Attorneys

Jonathan M. Cyrluk
Mariah E. Moran
Henry M. Baskerville
STETLER & DUFFY, LTD.
11 South LaSalle Street
Suite 1200
Chicago, Illinois  60603
Phone: 312-338-0200
Fax:    312-338-0070
jcyrluk@stetlerandduffy.com
mmoran@stetlerandduffy.com
hbasker@stetlerandduffy.com

**CERTIFICATE OF SERVICE**

      I, Henry Baskerville, an attorney, certify that I caused a copy of this Motion to Compel Compliance with Court Order to be filed with the Clerk of the Court and served via the Court's CM/ECF system or as otherwise indicated on the parties listed below, this 16th day of June, 2008.

| | |
|---|---|
| Lorne Saeks | Paul A. Greenberg |
| Christopher J. Petelle | Jillian Stacey Cole |
| Much Shelist Denenberg | Aronberg Goldgehn |
| Ament and Rubenstein, P.C. | 330 North Wabash Ave. |
| 191 North Wacker Drive | Suite 1700 |
| Suite 1800 | Chicago, Illinois 60611 |
| Chicago, IL 60606 | |

                                             /s/ Henry M. Baskerville