THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GENERAL JOHN T. CHAIN, JR. (USAF, Retired), | ) ) ) | |
| Plaintiff, | ) ) | Case No.  07 C 6317 |
| v. | ) ) ) | Honorable Ronald A. Guzman |
| LAKE FOREST PARTNERS, LLC, a Nevada Corporation; CHRISTOPHER T. FRENCH, ALBERT J. MONTANO and MARK D. WEISSMAN, M.D., | ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND PROHIBIT INTERFERENCE**

Plaintiff General John T. Chain, Jr. ("General Chain"), by his attorneys, respectfully requests the Court to enter an order compelling the production of documents from Royal Island, LLC and prohibiting interference from Defendants Lake Forest Partners, LLC ("Lake Forest") and Christopher French ("French").  In support of his Motion, General Chain states as follows:

**INTRODUCTION**

1. This case is a straightforward collection action.  Pursuant to two loan agreements, General Chain lent a total of $3.5 million to Lake Forest.  In return, Lake Forest and French promised to repay the $3.5 million, plus interest, and provide two home lots each with a value between $2 million and $3 million on an island ("Royal Island") in the Bahamas in connection with a real estate development project in which Lake Forest has an interest.  Lake Forest and French breached their agreements and have not repaid

any amounts to General Chain and has not provided General Chain with the promised home lots.  As result, General Chain filed the instant lawsuit on November 7, 2007.

2. For approximately seven months, Lake Forest and French have focused their efforts on one task – delaying the entry of a multi-million dollar judgment against them.  It took Lake Forest and French ***97 days*** to file a responsive pleading to a 10-page, three-count complaint.  They have further delayed this matter by switching attorneys on two occasions.  Finally, despite the Court's Order dated April 17, 2008, pursuant to which the Court granted Lake Forest and French a 30-day extension to answer General Chain's written discovery and produce <u>all</u> responsive documents, Defendants have caused further delay and have not fully and completely responded to written discovery.

3. Therefore, in an effort to obtain relevant documents, and prior to the close of discovery, General Chain subpoenaed documents from Royal Island, LLC care of one of its members, Duane Truitt ("Truitt").  (*See* Exhibit A.)

4. Truitt, through his attorney, acknowledges that he has responsive documents and is willing to produce them.  Lake Forest and French, however, have interfered with the production – they objected to General Chain's subpoena directing Truitt and Royal Island, LLC not to turn over the documents. (*See* Group Exhibit B.)  Lake Forest and French contend that all documents should be produced to them first, so they can decide which documents should be produced to General Chain.

5. Truitt currently is involved in a separate litigation with Lake Forest and French and does not want to produce the documents to General Chain without a Court order.  Therefore, this Motion is not filed so much to compel Royal Island, LLC to do something it is unwilling to do, but rather to prohibit Lake Forest and French from interfering with a validly issued subpoena.

**ARGUMENT**

I. **The Court Should Compel Production.**

6. Royal Island, LLC, through Truitt, admits that it has documents that are responsive to General Chain's subpoena. In fact, Truitt has advised that he will produce responsive documents with a Court order.

7. Lake Forest and French, however, have blocked production by directing Truitt not to produce documents. (*See* Ex. B.) Because of the actions of Lake Forest and French, the parties have reached an impasse and General Chain is left without the documents.

8. Therefore, the Court should order their production and prohibit Lake Forest and French from interfering with the subpoena.

II. **Certification Required by Rule 37.**

9. Pursuant to Fed. R. Civ. P. 37, the undersigned certifies that he has sought to resolve this dispute informally on multiple occasions prior to seeking intervention by the Court, but has been unable to do so.

WHEREFORE, for the foregoing reasons, General Chain respectfully moves this Honorable Court to enter an order:

- a. Compelling Royal Island, LLC and Truitt to comply with General Chain's subpoena (Ex. A) and produce the responsive documents in its possession and control;
- b. Prohibiting Lake Forest and French from interfering with Royal Island LLC's compliance with the subpoena; and
- c. Granting such other relief the Court deems equitable and just under the circumstances.

Dated: July 8, 2008                                Respectfully submitted,

                                                   GENERAL JOHN T. CHAIN, JR.


                                                   By:     /s/ Henry M. Baskerville
                                                          One of His Attorneys


Jonathan M. Cyrluk
Henry M. Baskerville
STETLER & DUFFY, LTD.
11 South LaSalle Street
Suite 1200
Chicago, Illinois  60603
Phone: 312-338-0200
Fax:    312-338-0070
jcyrluk@stetleranduffy.com
hbasker@stetleranduffy.com

4

**CERTIFICATE OF SERVICE**

      I, Henry Baskerville, an attorney, certify that I caused a copy of this **Motion to Compel Production of Documents and Prohibit Interference** to be filed with the Clerk of the Court and served via the Court's CM/ECF system or as otherwise indicated on the parties listed below, this 8th day of July, 2008.

| | |
|---|---|
| Lorne Saeks | Royal Island, LLC and Duane Truitt |
| Christopher J. Petelle | c/o Frank X. Sexton, Jr. |
| Much Shelist Denenberg | Concepcion, Sexton & Martinez |
| Ament and Rubenstein, P.C. | 355 Alhambra Circle, Suite 1250 |
| 191 North Wacker Drive, Suite 1800 | Coral Gables, Florida 33134 |
| Chicago, IL 60606 | fsexton@cfclaw.com |
| *Via CM/ECF* | *Via First Class Mail and Email* |

          /s/ Henry M. Baskerville