# Exhibit A

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENERAL JOHN T. CHAIN, JR. )<br>(USAF, Retired), )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LAKE FOREST PARTNERS, LLC, )<br> a Nevada Corporation; CHRISTOPHER )<br>T. FRENCH, ALBERT J. MONTANO )<br>and MARK D. WEISSMAN, M.D., )<br>)<br>Defendants. ) | Case No. 07 C 6317<br><br>Honorable Ronald A. Guzman |

### NOTICE OF SUBPOENA

To: persons on the attached service list.

**PLEASE TAKE NOTICE** that on May 5, 2008 we issued a Subpoena upon the following in the above referenced case:

| Entity | Response Date and Time |
|---|---|
| Royal Island, LLC | May 12, 2008 at 10:00 a.m. |

A copy of the Subpoena is attached hereto and hereby served upon you.

Dated: May 5, 2008            GENERAL JOHN T. CHAIN, JR.

By: _____
One of His Attorneys

Jonathan M. Cyrluk (ARDC#6210250)
Henry Baskerville (ARDC#6285712)
STETLER & DUFFY, LTD.
11 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
Phone: 312-338-0200
Fax:   312-338-0070
cyrlukj@stetleranduffy.com
hbasker@stetleranduffy.com

## CERTIFICATE OF SERVICE

    I, Henry M. Baskerville, an attorney, certify under penalty of perjury that I caused a copy of the foregoing **Plaintiff's Notice of Subpoena** to be served on:

        Louis D. Bernstein
        Lorne T. Saeks
        Christopher J. Petelle
        MUCH SHELIST DENENBERG AMENT &
        RUBENSTEIN, P.C.
        191 N. Wacker Drive, Suite 1800
        Chicago, IL 60606
        (312) 521-2000
        lbernstein@muchshelist.com
        lsaeks@muchshelist.com
        cpetelle@muchshelist.com

via email delivery, and

        Scott Weissman
        3238 North Lakewood
        Chicago, IL 60657

by U.S. Mail, First Class Postage Prepaid, this 5$^h$ day of May, 2008.

                                              _____
                                                    Henry M. Baskerville

**STETLER & DUFFY, LTD.**
ATTORNEYS AT LAW

SUITE 1200
11 SOUTH LASALLE STREET
CHICAGO, ILLINOIS 60603

TELEPHONE: 312.338.0200
FACSIMILE: 312.338.0070
WRITER'S DIRECT DIAL
312.338.0207

JONATHAN M. CYRLUK
cyrlukj@stetleranddduffy.com

May 5, 2008

**Via Email and U.S. Mail**
Frank X. Sexton, Jr.
Concepcion, Sexton & Martinez
335 Alhambra Circle
Suite 1250
Coral Gables, FL 33134

Re: *General John T. Chain, Jr. (USAF, Retired) v. Lake Forest Partners, LLC, et al., Case No. 07 C 6317 (N.D. Ill.)*

Dear Frank:

Pursuant to your agreement to accept service of a subpoena in the above-referenced case on behalf of Duane Truitt in his capacity as a member of Royal Island, LLC, enclosed is a subpoena *duces tecum* directed to Royal Island, LLC. Please call me if you need additional time to produce the requested documents.

Very truly yours,

Jonathan M. Cyrluk
*Attorney for Plaintiff*
General John T. Chain, Jr.(USAF, Retired)

JMC/
Encl.

## Issued by the
# UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | ILLINOIS, EASTERN DIVISION |

GENERAL JOHN T. CHAIN JR., Plaintiff

V.

LAKE FOREST PARTNERS, LLC, et al.,

                Defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  07-C-6317

TO:  Royal Island, LLC
      c/o Duane J. Truitt
      c/o Frank X. Sexton, Jr.
      Concepcion, Sexton & Martinez
      355 Alhambra Circle, Suite 1250
      Coral Gables, Florida 33134

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents listed on attached Rider.

| PLACE | DATE AND TIME |
|---|---|
| Stetler & Duffy, Ltd., 11 S. LaSalle St., Suite 1200, Chicago, IL 60603 | May 12, 2008 at 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Jonathan M. Cyrluk, attorney for plaintiff | May 5, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jonathan M. Cyrluk, Stetler & Duffy, Ltd., 11 S. LaSalle St., Suite 1200, Chicago, Illinois 60603, 312-338-0207

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## RILLC RIDER

1. Any and all documents relating to any and all communications between Duane Truitt (and all persons acting on behalf of Truitt), on the one hand, and Christopher T. French ("French") and all persons acting on behalf of French and/or any person or entities affiliated with French, on the other hand, from January 1, 2005 through the present.

2. Any and all documents relating to any and all communications between Duane Truitt (and all persons acting on behalf of Truitt), on the one hand, and Lake Forest Partners ("Lake Forest") and all persons acting on behalf of Lake Forest and/or any person or entities affiliated with Lake Forest, on the other hand, from January 1, 2005 through the present.

3. Any and all documents relating to any and all communication communications between Duane Truitt (and all persons acting on behalf of Truitt, on the one hand, and Great Prairie Ventures, Inc. ("GPVI") and all persons acting on behalf of GPVI and/or any person or entities affiliated with GPVI, on the other hand, from January 1, 2005 through the present.

4. Any and all drafts of any and all agreements in which French, Lake Forest and/or GPVI is or was a party.

5. Any and all documents relating to the acquisition of Royal Island by Royal Island, LLC ("RILLC"), Lake Forest, GPVI and/or any other person or entity affiliated with French.

6. Any and all documents relating to the rights of RILLC in and to any lots or acreage on Royal Island from January 1, 2005 to the present.

7. Any and all documents relating to actions purportedly taken by French relating to any and all lots or acreage in which RILLC has, or may have, an interest.

8. Any and all documents relating to any and all money that Lake Forest and/or GPVI has contributed to Royal Island, LLC ("RILLC").

9. Any and all documents relating to any and all persons or entities that claim they are owed money by French, Lake Forest and/or GPVI.

10. Any and all documents relating to the identity of any and all past and/or present members of Lake Forest.

11. Any and all documents relating to any and all rights of Lake Forest to offer lots on Royal Island to any person or entity from January 1, 2003 to the present.

**Exhibit B**

# MUCH SHELIST

ATTORNEYS AT LAW
191 N. WACKER DRIVE
SUITE 1800
CHICAGO, IL 60606.1615

T 312.521.2000
F 312.521.2200

www.muchshelist.com

DIRECT DIAL:
312.521.2654
lbernstein@muchshelist.com

May 9, 2008

**Via e-mail (fsexton@cfclaw.com) and U.S. Mail**

Mr. Francis S. Sexton Jr.
Concepción Sexton & Martinez
355 Alhambra Circle Suite 1250
Coral Gables, Florida 33134

      Re:    **General John T. Chain, Jr. v. Lake Forest Partners, LLC
              Case No. 07 C 6317**

Dear Mr. Sexton:

      We received a copy of a letter from General Chain's attorney to you dated May 5, 2008 indicating that you have agreed to accept service of General Chain's subpoena directed to Royal Island, LLC. You did not inform us of your decision to accept service even though our clients are managing members of RILLC and control a majority interest in the company. We are discussing certain objections to the subpoena with General Chain's attorney and intend to address these issues at length with him on Monday, May 12, 2008. We request that you refrain from producing any documents pending this discussion or a ruling on a motion for Protective Order if the parties cannot resolve their differences.

      Should you wish to discuss this matter, please contact me.

                                         Very truly yours,

                                         Louis D. Bernstein

LDB/cmc

cc:     Mr. Jonathan M. Cyrluk (by e-mail – cyrlukj@stetlerduffy.com)

Much Shelist Denenberg Ament & Rubenstein, P.C.

INTERNATIONAL
ALLIANCE
OF LAW FIRMS

# MUCH SHELIST

**ATTORNEYS AT LAW**

191 N. WACKER DRIVE
SUITE 1800
CHICAGO, IL 60606.1615

T 312.521.2000
F 312.521.2200

www.muchshelist.com

June 26, 2008

DIRECT DIAL:
312.521.2438
lsaeks@muchshelist.com

**VIA EMAIL & U.S. MAIL**

Mr. Francis S. Sexton Jr.
Concepción Sexton & Martinez
355 Alhambra Circle Suite 1250
Coral Gables, Florida 33134

Re: **General John T. Chain, Jr. v. Lake Forest Partners, LLC**
**Case No. 07 C 6317**

Dear Mr. Sexton:

This is to follow-up our conversation regarding the above referenced matter. To the extent that any documents were withheld from production in response to the subpoena previously issued to you by General John T. Chain with respect to Royal Island, LLC (a copy of which is attached hereto), please forward those documents to my attention only. We will then review those documents for claims of privilege and produce them to counsel for General Chain.

Please do not hesitate to call me if you wish to discuss.

Sincerely,

Lorné T. Saeks

LTS/nlw
Enclosure

Much Shelist Denenberg Ament & Rubenstein, P.C.



INTERNATIONAL
ALLIANCE
OF LAW FIRMS