# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GENERAL JOHN T. CHAIN, JR. (USAF, Retired), | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 07 C 6317 ) ) Judge Ronald A. Guzmán |
| LAKE FOREST PARTNERS, LLC, a Nevada corporation; CHRISTOPHER T. FRENCH, ALBERT J. MONTANO, and MARK D. WEISSMAN, M.D., | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

General John T. Chain, Jr. has sued Lake Forest Partners, LLC ("Lake Forest"), Christopher T. French, Albert J. Montano and Mark D. Weissman, M.D. for breach of two loan agreements and common law fraud. Before the Court is plaintiff's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c) as to his claims against Lake Forest for breach of contract based on its failure to repay his loans, plus interest. For the reasons provided herein, the Court grants plaintiff's motion.

## Facts

In 2005, Grand Prairie Ventures, Inc. assigned an agreement for the purchase and sale of three islands to Royal Island, LLC, of which Lake Forest is a member. (Answer ¶ 1.) The three islands were located in the Commonwealth of the Bahamas, and were collectively known as Royal Island ("Island"). (Compl. ¶ 1.) Royal Island, LLC planned to develop Island into a

luxury community. (*Id.*) Pursuant to two separate loan agreements, Chain loaned a total of $3.5 million to Lake Forest, to go toward marketing and developing the Island endeavor. (*Id.* ¶¶ 18-22.) On August 11, 2005, Chain, French, Montano, Weissman and Lake Forest entered into the first loan agreement. (Compl., Ex. 1, Loan Agreement.) The first loan agreement provided that Lake Forest would repay Chain's $3 million loan with interest by August 14, 2006. (*Id.* ¶¶ 2, 5.) It also provided that if the defendants defaulted on the loan, an additional interest rate would be applied to the outstanding amount. (*Id.* ¶ 6.) Under the first loan agreement, French, Montano and Weissman agreed to be held jointly and severally liable for repayment. (*Id.* ¶ 3.) On October 26, 2005, Chain, French, Montano, Weissman and Lake Forest entered into the second loan agreement. (Compl., Ex. 2, Loan Agreement.) It provided that Lake Forest would repay Chain's $500,000.00 loan with interest by January 26, 2006. (*Id.* ¶¶ 2, 5.) The second loan agreement provided that, in the event of default, an additional interest rate would be applied to the outstanding portion of the loan. (*Id.* ¶ 6.) French, Montano, and Weissman also agreed to be held jointly and severally liable for repayment of the second loan. (*Id.* ¶ 3.)

By August 14, 2006, Lake Forest had not yet repaid any part of Chain's $3 million loan or paid any interest pursuant to the first loan agreement. (*Id.* ¶ 24.) By January 26, 2006, Lake Forest had not yet repaid any part of Chain's $500,000.00 loan or paid any interest pursuant to the second loan agreement. (*Id.* ¶ 23.) On August 18, 2006, French communicated to Chain in writing that Lake Forest was no longer participating in the Island project and was exploring different options for repaying its creditors. (*Id.* ¶ 25.) Over eight months later, on April 24, 2007, French notified Chain in writing that Lake Forest still could not pay Chain. (*Id.* ¶ 26.) French also explained to Chain that another individual would be contacting Chain within two

2

weeks to discuss a loan repayment plan. (*Id.*) To date, Lake Forest has not repaid Chain any portion of either loan or any interest. (*Id.* ¶ 28.)

## Discussion

In ruling on a motion for judgment on the pleadings, a court must view all facts in the "light most favorable to the non-moving party." *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991). In doing so, it is only appropriate for a district court to "grant the motion if it is beyond doubt that the non-movant can plead no facts that would support his claim for relief." *Id.* In determining whether to grant the motion, the district court cannot look any further than the pleadings. *Id.* The pleadings are deemed to include the complaint, the answer and written instruments, such as loan documents, attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998) (citing Fed. R. Civ. P. 10(c)).

### I. Breach of the Loan Agreements

In Counts I and II of his complaint, Chain alleges that each of the individually named defendants breached the first and second loan agreements by not repaying Chain's loans, plus interest, or providing Chain with lots on the Island worth $2 to $3 million dollars. (Compl. ¶¶ 32, 38.) Chain's motion for judgment on the pleadings is limited to Lake Forest's breach of the loan agreements by failing to repay Chain's loans, plus interest. (Pl.'s Mot. Default J. ¶ 14.)

In a case that comes to federal court under diversity jurisdiction, the "federal court applies federal procedural but state substantive law." *Bourke v. Dun & Bradstreet Corp.*, 159 F.3d 1032, 1036 (7th Cir. 1998). In the state of Illinois, to recover on a breach of contract claim,

"a plaintiff must prove: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; . . . (4) resultant damages," *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967 (Ill. App. Ct. 2004), as well as "a reasonable basis for computation of those damages," *TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 632 (7th Cir. 2007) (quotation omitted). Chain has alleged the existence of valid and enforceable agreements, that he performed all of his obligations under both loan agreements, that Lake Forest breached both loan agreements and that Chain was damaged by the breaches, and Chain has also provided a reasonable basis for computing his damages. (Compl. ¶¶ 30-32, 34, 36-38, 40; Pl.'s Mot. Default J. ¶ 14.)

Judicial admissions are defined as "formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. They may not be controverted at trial or on appeal." *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995). Judicial admissions ultimately remove a fact from being contested. *Id.* They are so influential that a defendant cannot later deny liability on the basis that his or her admission was mistaken, after he or she admits liability in his or her answer to a complaint. *Murrey v. United States*, 73 F.3d 1448, 1455 (7th Cir. 1996). Lake Forest, in its answer to Chain's complaint, admitted that both loan agreements were executed between Chain and Lake Forest. (Answer ¶ 3.) Lake Forest also admitted that the loans provided for repayment and interest. (*Id.*) Furthermore, Lake Forest admitted that the money Chain loaned to Lake Forest was not used to repay Chain. (*Id.* ¶ 5.) Lake Forest acknowledged that it has not repaid the $500,000.00, with interest, that was due on January 26, 2006. (*Id.* ¶¶ 23, 28.) In addition, Lake Forest acknowledged that it has not repaid the $3 million, with interest, that was due on August 14,

4

2006. (*Id.* ¶¶ 24, 28.) Lake Forest admits that it breached both loan agreements. (*Id.* ¶¶ 32, 38.) Lake Forest's judicial admissions have therefore removed from contention the facts that it executed the loan agreements, the agreements required it to repay the principal with interest and it failed to do so, thereby breaching the agreements. Although Lake Forest has denied that the loan agreements were valid and enforceable, it has admitted that Chain performed his obligations under both of the loan agreements and it breached both loan agreements. (*Id.* ¶¶ 30-32, 36-38.)

### II. Lake Forest's Affirmative Defense

Lake Forest contends, however, that the loan agreements are unenforceable because "[c]ertain provisions . . . are indefinite, unclear, and do not provide the court with a means of determining the intent of the parties. The essential terms are so uncertain that there is no basis for deciding whether the agreement has been kept or broken." (Answer at 15-16.)

A contract is unenforceable due to being indefinite "when it leaves out (1) a crucial term that (2) a court cannot reasonably be asked to supply in the name of interpretation," such as contract price. *Haslund v. Simon Prop. Group, Inc.*, 378 F.3d 653, 655 (7th Cir. 2004). It is the trial judge's responsibility to determine whether a contract is ambiguous, as a matter of law, when interpreting a written contract. *Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385 (7th Cir. 1993). Furthermore, "'[a] term is ambiguous [only] if it is subject to reasonable alternative interpretations.'" *Id.* (quoting *Taylor v. Cont'l Group Change in Control Severance Pay Plan*, 933 F.2d 1227, 1232 (3rd Cir. 1991)).

Neither of the loan agreements executed by Chain and Lake Forest leave out crucial terms. They both clearly provide the names of the parties entering into the agreements, the

5

amounts being loaned from Chain to Lake Forest, what the loaned amounts were to be used for, the amounts to be repaid to Chain, the dates by which the loans were to be repaid and what would happen if the loans went into default. (Compl., Ex. 1, Loan Agreement; *id.*, Ex. 2, Loan Agreement.) None of the terms of the loan agreements is subject to reasonable alternative interpretations, which means that the terms at issue in this motion are not ambiguous.

Lake Forest admitted in its answer that it entered into the first loan agreement, which provided that Chain would loan $3 million to Lake Forest and Chain would eventually receive the $3 million back, plus interest. (Answer ¶ 19.) Lake Forest also admitted in its answer that it entered into the second loan agreement, which provided that Chain would loan $500,000.00 to Lake Forest and Chain would eventually receive the $500,000.00 back, plus interest. (*Id.* ¶¶ 21-22.) In addition, Lake Forest admitted that it breached both loan agreements by failing to repay the money, plus interest, to Chain. (*Id.* ¶¶ 32, 38.) Because Lake Forest admits in its answer that it entered into both loan agreements, failed to repay Chain and breached both loan agreements, Lake Forest has undercut its argument that the loan agreements had indefinite terms. *Cf. Ill. Conference of Teamsters & Employers Welfare Fund v. Steve Gilbert Trucking*, 71 F.3d 1361, 1366 (7th Cir. 1995) (stating that defendant's admission that he had entered into a contract and was obligated to pay sums under the contract undercut his affirmative defense that the agreement was unenforceable). Thus, the Court grants plaintiff's motion for judgment on the pleadings as to Lake Forest's breach of both loan agreements by not repaying Chain $3.5 million, plus interest. As of September 15, 2008, the total amount of principal and interest Lake Forest owes Chain on the first loan agreement is $5,330,859.79. (Pl.'s Mot. Default J. Def. Lake Forest Partners, LLC, Ex. 5, Braun Decl. ¶ 3.) Until it is repaid, Lake Forest will owe Chain an

additional $2,268.49 per day in interest on the amount due under the first loan agreement. (*Id.*)
As of September 15, 2008, the total amount of principal and interest Lake Forest owes Chain on the second loan agreement is $738,642.40. (*Id.* ¶ 4.) Until it is repaid, Lake Forest will owe an additional $195.89 per day in interest on the amount due under the second loan agreement. (*Id.*)

## **Conclusion**

For the reasons set forth above, the Court grants plaintiff's motion for judgment on the pleadings as to its breach of contract claims against Lake Forest based on its failure to repay Chain's loans plus interest. As of September 15, 2008, the total amount of principal and interest Lake Forest owes Chain on the first loan agreement is $5,330,859.79. Until the first loan is repaid, Lake Forest will owe Chain an additional $2,268.49 per day in interest on the amount due under the first loan agreement. As of September 15, 2008, the total amount of principal and interest Lake Forest owes Chain on the second loan agreement is $738,642.40. Until the second loan is repaid, Lake Forest will owe an additional $195.89 per day in interest on the amount due under the second loan agreement. (*Id.*) Issues that remain include whether: (1) other defendants are liable for breach of the loan agreements; (2) all defendants, including Lake Forest, breached both loan agreements by failing to provide Chain with two lots on the Island; and (3) all defendants are liable for common law fraud.

**SO ORDERED**  **ENTERED:**

**11/3/08**

*Ronald A. Guzman*
_____
**HON. RONALD A. GUZMAN**
**U.S. District Judge**